In the

# United States Court of Appeals

## For the Seventh Circuit

Nos. 01-2799 & 01-3024

GROVE FRESH DISTRIBUTORS, INC.,

*Plaintiff,*

*v.*

JOHN LABATT, LTD. and
AMERICAN CITRUS PRODUCTS CORP.,

*Defendants-Appellees.*

APPEAL OF: JOHN P. MESSINA

Appeals from the United States District Court
for the Northern District of Illinois, Eastern Division.
No. 90 C 5009—**James B. Zagel**, *Judge.*

ARGUED MAY 21, 2002—DECIDED AUGUST 5, 2002

Before BAUER, COFFEY and RIPPLE, *Circuit Judges.*

BAUER, *Circuit Judge.* The district court issued a civil contempt order against attorney John P. Messina after he disclosed confidential information in publicly filed documents in violation of a protective order. After an unsuccessful direct appeal and a second contempt order, Messina filed two subsequent motions in the district court for reconsideration of the first contempt order: one motion claimed that the record in his direct appeal was incomplete, and the other sought Judge Zagel's recusal

based on an "unremitting bias." The district court denied both motions. Messina appeals the district court's decisions on numerous grounds. For the following reasons, we affirm the decisions of the district court. Moreover, because we find Messina's appeal frivolous, we impose Rule 38 sanctions and order him to pay costs, plus $1,500 to appellee American Citrus.

## BACKGROUND

Attorney John Messina represented Grove Fresh Distributors Inc. ("Grove Fresh") in two separate but related suits filed against competing orange juice manufacturers for violations of various federal laws. Appellees were among the five defendants named in the two suits. The 1989 complaint alleged unfair competition and was insulated by a protective order. The 1990 suit alleged a conspiracy to sell adulterated orange juice and to violate RICO by selling mislabeled products and this was under a seal and protective order. Over the course of the early stages of the litigation, Messina repeatedly disregarded the protective orders and disclosed protected information in public filings with the court.

The district court eventually entered summary judgment on the 1989 unfair competition complaint, while the 1990 case proceeded with settlement negotiations. On April 25, 1993, the parties orally agreed to terms of a settlement but the defendants would not definitively agree to settle until Messina agreed to the confidentiality provisions in a consulting agreement. Thereafter, the court dismissed the 1990 case, but substantial problems arose regarding the settlement agreement and with the dismissal.

On August 24, 1993, the defendants filed a motion to enforce the settlement agreement or for relief from judgment pursuant to Rule 60(b) as a result of Messina's conduct after the dismissal. When the parties were to appear before

Judge Zagel, Messina was not present. Judge Zagel ordered him to appear at the next court proceeding, but again, Messina was not present. The district court then issued a rule to show cause.

On January 21, 1993 Grove Fresh discharged Messina as its attorney in this litigation, but failed to withdraw the record of appearance for Messina until April 12, 1995. In October of 1993, Messina filed a 42 page motion in this Court seeking a hearing on allegations of misconduct. The motion revealed information subject to the seal and protective orders, including the confidential amount paid in settlement, names of the individuals involved who invoked the Fifth Amendment, and other confidential information acquired through discovery. Messina also represented that he was still counsel for Grove Fresh, despite the fact that Grove Fresh had discharged him nine months earlier.

On November 9, 1993, we dismissed Messina's pleadings and ordered that he show cause as to why he should not be sanctioned for filing a frivolous motion. We also referred his conduct to the Illinois Attorney Registration and Disciplinary Commission.

In response to Messina's conduct during the course of the litigation, the appellees petitioned the district court, requesting a finding of contempt and imposition of sanctions. Alleging that Messina had violated the protective order and seal, appellees charged that: (1) Messina was in contempt of court for repeatedly violating the seal and protective order for the 1990 case by his disclosures of confidential discovery material in a brief filed with the Court of Appeals, in a letter to counsel for an intervening party and in a conversation with a *New York Times* reporter; (2) Messina was in contempt of court for failing to appear before Judge Zagel when ordered to do so; and (3) Messina was subject to Rule 11 sanctions for making

false or misleading representations to the Court of Appeals regarding his status as a Grove Fresh attorney. Judge Zagel held an evidentiary hearing on the matter on February 3, 1995, to provide Messina an opportunity to respond to the charges.

After the hearing, Messina again filed a series of pleadings in this Court and again included the amount paid in settlement. On June 9, 1995, we dismissed Messina's appeal as moot and stated, "if Messina continues to file frivolous papers, this court will impose sanctions."

On June 9, 1995, the district court issued an opinion finding that Messina intentionally, willfully and repeatedly violated the confidential seal and protective order based on the disclosures in the 42 page motion filed in this Court, in his conversations with the *New York Times* reporter and in his letter to the intervening party. *Grove Fresh Distributors, Inc. v. John Labatt, Ltd.*, 888 F.Supp. 1427 (N.D. Ill. 1995). The court characterized Messina's actions as "audacious, even by his [Messina's] own standards of audacity." The court also found that Messina intentionally and willfully disobeyed an order to appear before the district court on October 21, 1993, and that he violated Rule 11 in the motion he filed in this Court by misrepresenting himself as counsel for Grove Fresh. As a deterrent to future improper disclosures, the court ordered Messina to post a $50,000 bond and warned that failure to comply with the order would result in forfeiture of the bond and possible additional sanctions.

The contempt order also specifically prohibited Messina from disclosing any protected information in the case without first consulting the court and establishing an independent public source for the information. Finally, Messina was ordered to pay attorneys' fees and expenses incurred by the defendants in prosecuting the contempt petitions, and a $1,000 fine for his Rule 11 violations. A

judgment was entered against Messina in the amount of $149,554.45, plus statutory interest. Messina appealed the district court's order; we unanimously affirmed the contempt judgment in an unpublished opinion dated February 6, 1998. 134 F.3d 374 (7th Cir. 1998).

Even after this order was entered, Messina continued to disregard court orders and to include documents designated as confidential in public filings. In September of 1999, Messina filed for Chapter 11 reorganization in the name of his law firm. The appellees (judgment holders) filed an adversary action for a declaration that the contempt judgment was not dischargeable because it was based on willful and malicious conduct. In response, Messina filed an affidavit with the United States Bankruptcy Court that included information under protective order. Messina filed the affidavit publicly and did not seek the district court's prior authorization for this disclosure.

On May 16, 2000, the defendants filed a petition in the district court, seeking a determination that Messina again be held in contempt for his disclosures in the bankruptcy proceeding. The district court granted this petition, and a second contempt decision was rendered on June 8, 2000.

In June of 2000, Messina filed a motion to vacate the original contempt judgment, alleging that the manner in which the record for the first appeal was kept and assembled was improper. Messina claimed that the attorneys who represented him failed to raise this issue in his direct appeal because they feared judicial retribution from the district court in other litigation. In addition, Messina moved to recuse Judge Zagel, asserting an "unremitting bias" and conduct that Messina contends could result in Judge Zagel's impeachment. The district court denied both motions and subsequent motions to reconsider. Messina then filed this appeal.

## ANALYSIS

*A.  Motion For Recusal and Vacatur of Contempt Order*

Messina first argues that the district court erred in failing to grant his motion for recusal pursuant to 28 U.S.C. § 455(b)(1). We review *de novo. Taylor v. O'Grady*, 888 F.2d 1189, 1201 (7th Cir. 1989).

A federal judge must recuse himself from a proceeding "where he has a personal bias or prejudice concerning a party." 28 U.S.C. § 455(b)(1). Any bias must be proven by compelling evidence, and the issue is whether "a reasonable person would be convinced the judge was biased." *Lac du Flambeau Indians v. Stop Treaty Abuse-Wis., Inc.*, 991 F.2d 1249, 1255 (7th Cir. 1993) (citations omitted). The bias or prejudice "must be grounded in some personal animus or malice that the judge harbors . . . of a kind that a fair-minded person could not entirely set aside when judging certain persons or causes." *United States v. Balistrieri*, 779 F.2d 1191, 1201 (7th Cir. 1985). "Judicial rulings alone almost never constitute a valid basis" for a recusal motion. *Liteky v. United States*, 510 U.S. 540, 555 (1994). Even "judicial remarks during the course of a trial that are critical or disapproving of, or even hostile to counsel, the parties or their cases, ordinarily do not support a bias or partiality challenge," unless the remarks "reveal an opinion that derives from an extrajudicial source." *Id.* The evidence must reflect a "deep-seated favoritism or antagonism as would make fair judgment impossible." *Id.* Likewise, "a judge's ordinary efforts at courtroom administration—even a stern and short tempered judge's ordinary efforts at courtroom administration—remain immune." *Id.* at 556.

We agree with the district court that Messina has failed to establish any basis for recusal. Messina asserts that Judge Zagel's decisions against him repeatedly demonstrate an "unremitting bias." However, Messina makes

no attempt to establish any bias stemming from a personal relationship or prior litigation. Instead, he dwells on Judge Zagel's rulings during the litigation, which absent extraordinary circumstances, are not grounds for recusal. *Id.* at 555. Although Judge Zagel criticized Messina's conduct several times throughout the litigation, these incidents were in direct response to Messina's repeated disregard for the confidentiality orders. His efforts at courtroom administration and enforcing compliance with a court order do not amount to an inability to render fair judgments.

Messina also argues, at length, that the district court showed bias by permitting the appellees to advance contrary positions concerning his status as a Grove Fresh attorney in the litigation. However, the record reflects that Grove Fresh failed to withdraw Messina's appearance immediately upon discharging him. As a result, the appellees were confused as to his status as counsel for Grove Fresh. Their contradictory contentions on the matter only reflected the inconsistent positions advanced by Grove Fresh and Messina, and certainly not any bias by Judge Zagel.

Messina also asserts that the court improperly issued the contempt judgment because of his misrepresentations as counsel for Grove Fresh. He challenges this ruling, asserting that it is barred by the doctrine of collateral estoppel because it contradicts an earlier ruling in which the court sustained the invocation of the attorney-client privilege by Grove Fresh regarding its communications with Messina. Again, Messina's assertions are misplaced. First, the court's determination that Messina misrepresented himself as a Grove Fresh attorney was not at issue in the court's contempt ruling; rather, it was one of three bases supporting Rule 11 sanctions. Further, the doctrine of collateral estoppel is not involved; the two rulings are entirely unrelated. Messina's misrepre-

sentations were the focus of the Rule 11 finding, whereas the attorney-client ruling focused on whether certain documents contained any privileged communications between Grove Fresh and Messina. Grove Fresh was and is entitled to maintain the confidentiality of its communications with Messina, regardless of his discharge. Messina's argument that collateral estoppel requires that the contempt order be vacated is entirely without merit.

Messina's other allegations regarding the manner in which Judge Zagel conducted the litigation are equally without merit. First, the evidence supporting Judge Zagel's rulings was overwhelming: Messina repeatedly violated the confidential protective orders of the court, the evidence supporting these determinations is specified in the contempt decision, and the court found each violation to be established beyond reasonable doubt. Second, judicial rulings are grounds for appeal, not recusal. *Liteky*, 510 U.S. at 555; *Hook v. McDade*, 89 F.3d 350, 355 (7th Cir. 1996). Here, Messina is simply recycling issues he unsuccessfully raised on direct appeal and now claims that Judge Zagel's actions were unfair. However, we previously upheld the district court's decisions as sound and reasonable on direct appeal. Absent compelling evidence of a personal and extrajudicial prejudice against Messina, Judge Zagel's conduct did not warrant recusal.

Messina also claims that his appellate counsel had a duty to report judicial misconduct based on Judge Zagel's failure to recuse himself. According to Messina, his counsel did not argue his recusal claim on appeal because of a fear of judicial retribution, which amounts to an undisclosed conflict of interest that requires us to vacate the contempt order. As we held above, Messina failed to establish any basis for recusal in the first place. Any argument that his counsel breached a duty in not reporting judicial misconduct based on any failure to recuse is obviously without merit.

### B.  Maintenance of the Record

Messina next argues that there were irregularities in the assembly of the record for his direct appeal. In fact, he asserts that he was not provided a complete record for his appeal and that the manner in which the pleadings were handled could potentially subject Judge Zagel to impeachment proceedings. However, an affidavit submitted by his appellate counsel concerning preparation of the record on appeal defeats Messina's argument. In paragraph 23 of this affidavit, Messina's appellate counsel states:

> Through meetings with Ted Newman (the Clerk's officer ombudsman), Mr. Walker, and Wanda Barnes (the court reporter assigned to Judge Zagel's courtroom), I was able to ensure that the record was fully reconstructed and that the record on appeal was complete.

Messina does not point to any missing document or pleading, or any argument that he was unable to pursue because of a deficiency in the record. He does not advance any reason why the maintenance of the docket affected the outcome of his direct appeal. We are satisfied that when we considered Messina's initial appeal and affirmed the contempt judgment, we did so on a complete record.

### C.  Contempt Sanctions

Messina's final argument is that the court erred in imposing the second contempt order and the $7,500 sanction for filing papers in bankruptcy court that referred to a witness involved in the Grove Fresh litigation who invoked his Fifth Amendment privilege. We review the district court's imposition of civil contempt sanctions for an abuse of discretion. *Fries v. Helsper*, 146 F.3d 452, 458 (7th Cir. 1998).

To hold Messina in civil contempt, the district court "must be able to point to a decree from the court which sets

forth in specific detail an unequivocal command which the party in contempt violated." *Jones v. Lincoln Elec. Co.*, 188 F.3d 709, 738 (7th Cir. 1999). Here, the court's orders precluded specific disclosures and Messina's public filings failed to comply. Messina counters that the court itself disclosed the subject information in its contempt order. As a result, he claims he cannot be sanctioned for disclosing information already in the public domain. However, as the district court explained, "a simple comparison of the documents shows that Messina's affidavit contains information that exceeds that scope of what was included in the published opinion." Accordingly, it was well within the court's discretion to issue the second contempt order and impose the $7,500 sanction.

## D.  Rule 38 Sanctions

Finally, American Citrus moves, pursuant to Rule 38 of the Federal Rules of Appellate Procedure, for sanctions against Messina. Rule 38 provides that an appellate court may award sanctions against an appellant who brings a frivolous appeal. FED. R. APP. P. 38; *Jansen v. Aaron Process Equip. Co.*, 207 F.3d 1001, 1005 (7th Cir. 2000). An appeal is frivolous "when the result is obvious or when the appellant's argument is wholly without merit." *Spiegel v. Cont'l Illinois Nat'l Bank*, 790 F.2d 638, 650 (7th Cir. 1986). "Pursuing a frivolous appeal invites sanctions, including just damages, which we may impose in our considered discretion." *Berwick Grain Co. v. Illinois Dept. of Agric.*, 217 F.3d 502, 505 (7th Cir. 2000) (internal citations omitted).

We conclude that Rule 38 sanctions are appropriate in this case. We agree with the appellees that this appeal is simply Messina's attempt to repackage his prior appeals. Given that Messina's claims have been unsuccessfully litigated numerous times in both this Court and in

the district court, Messina could not have believed in good faith that he might be successful this time around. *See*, *e.g.*, *Berwick*, 217 F.3d at 506 (imposing Rule 38 sanctions when appellant could not have reasonably believed that his appeal was filed in good faith based on its complete lack of substantive merit). In his previous appeal, we warned that any future abuse of the legal system would result in sanctions. Messina failed to heed this warning. Because we have previously affirmed Judge Zagel's rulings against Messina, his latest attempt to manipulate the legal system can only be characterized as frivolous. We order Messina to pay costs, plus $1,500 to American Citrus for his abuse of the litigation process and the frivolous nature of this appeal.

## CONCLUSION

For the foregoing reasons, we AFFIRM the decision of the district court, and we sanction John P. Messina to pay costs, plus $1,500 to appellee American Citrus.

A true Copy:

       Teste:

_____
*Clerk of the United States Court of*
*Appeals for the Seventh Circuit*