In the

# United States Court of Appeals

## For the Seventh Circuit

No. 02-3275

INSURANCE COMPANY OF THE WEST,

*Plaintiff-Appellant,*

*v.*

COUNTY OF MCHENRY, INDECK-PLEASANT
VALLEY, LLC, and INDECK OPERATIONS, INC.,

*Defendants-Appellees.*

Appeal from the United States District Court
for the Northern District of Illinois, Eastern Division.
No. 02 CV 2291—**Matthew F. Kennelly**, *Judge.*

ARGUED APRIL 1, 2003—DECIDED MAY 13, 2003

Before FLAUM, *Chief Judge*, and COFFEY and EVANS,
*Circuit Judges.*

FLAUM, *Chief Judge.* Insurance Company of the West
("ICW") brought this action in federal district court seek-
ing a declaration that it had no duty to defend and no
duty to indemnify its insured, the County of McHenry
("County"), against an underlying lawsuit filed in Illinois
state court by Indeck-Pleasant Valley, LLC, and Indeck
Operations, Inc. (collectively "Indeck"). The district court
dismissed ICW's claims for want of subject matter juris-
diction because the issue of ICW's duty to defend was

not actually in controversy under the terms of the insurance policy, and because the issue of ICW's duty to indemnify was not ripe for adjudication based on the facts before the court at that time. ICW timely filed this appeal challenging the district court's dismissal of its claims, and while the appeal was pending ICW and Indeck agreed to settle all of Indeck's claims for money damages against the County. Promptly thereafter, ICW moved for voluntary dismissal of its appeal under Federal Rule of Appellate Procedure 42(b), as it believed that the issues raised in the appeal—whether ICW had a duty to defend and indemnify the County—were mooted by the terms of the settlement agreement. The County opposed ICW's motion for voluntary dismissal, arguing instead that the appeal should be dismissed as frivolous under Fed. R. App. P. 38 and that sanctions ought to be imposed on ICW in the form of attorneys' fees and double costs.

We agree with both sides that the substantive issues raised in this appeal have indeed been rendered moot by the settlement agreement between ICW and Indeck. All that remains to be decided, then, is whether to impose a penalty on ICW for filing a frivolous appeal. Since we do not believe that ICW pursued an unreasonable legal argument or wasted this court's resources when it filed its appeal, we decline to levy sanctions in this case and order this appeal dismissed as moot.

## I. BACKGROUND

ICW provided excess public entity liability insurance to the County under a policy that contained a $250,000 self-insured retention and a $5,000,000 liability limit. In August 1999 Indeck filed a lawsuit against the County in Illinois state court seeking injunctive relief and $25 million in damages based on the County's enforcement of zoning ordinances to prevent Indeck from building an electrical

generating facility called a "peaker" plant. Following numerous amendments to the complaint by Indeck and dismissals of claims by the state court, three out of six counts survived in Indeck's lawsuit against the County: Count I sought a declaration that the County's zoning ordinance was unenforceable against Indeck; Count III sought money damages and injunctive relief arising from the County's violation of Indeck's due process rights by interfering with Indeck's right to build the peaker plant; and Count VI sought declaratory and injunctive relief based on the County's arbitrary and capricious application of the invalid zoning ordinance to Indeck. As required by the insurance policy, the County notified ICW of Indeck's claims against it, requested that its rights be protected, and inquired whether ICW intended to participate in the County's defense.

In March 2002 ICW brought an action of its own against the County and Indeck in federal district court seeking a declaration that it had no duty to defend or indemnify the County against Indeck's claims. ICW alleged that the County's policy does not provide coverage for the kind of declarative and injunctive relief sought in Counts I & VI of Indeck's complaint, and that Count III pleaded a cause of action for inverse condemnation, which was explicitly excluded from coverage under the policy. The district court dismissed ICW's suit for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1), holding in part that there was no controversy within the meaning of Article III with respect to the duty to defend because the policy did not require ICW to defend the County, and the County never demanded that ICW assist in its defense. The court also held that the question of ICW's duty to indemnify was not yet ripe for adjudication because it was not clear from Indeck's complaint whether Count III asserted a claim based on a procedural due process violation or a taking without just compensation. The dis-

trict court noted that "principles of inverse condemnation arguably are apparent" in Count III, but that it was uncertain from the pleadings whether, if Indeck prevailed, its "victory will be based on something akin to a theory of inverse condemnation or a theory of capricious enforcement. If the former, ICW likely will be off the hook; if the latter, ICW likely will remain on the hook." Thus, the court decided that issuing a declaratory judgment regarding ICW's duty to indemnify would be premature.

ICW timely filed its appeal of the district court's decision in this court and soon thereafter re-filed its declaratory judgment action in the district court. ICW claimed that it re-filed its lawsuit because the County had nearly spent its $250,000 self-insured retention on defense costs when the court entered its judgment in the first suit. ICW believed this fact made the issues ripe for adjudication because the County's exhaustion of its self-insured retention triggered ICW's duty to indemnify under the policy. The County disagreed, arguing that ICW's duty to indemnify could only be determined when the underlying claims were resolved, and not when the County depleted its self-insured retention to pay its litigation defense costs.

After this appeal was filed and just before ICW's reply brief was due, ICW reached a settlement agreement with Indeck for $5 million, the full amount of ICW's policy with the County, to dispose of all money damages claims against the County in the underlying lawsuit. ICW then requested additional time from this court to file its reply, hinting that it would instead submit a Fed. R. App. P. 42(b) motion for voluntary dismissal of its appeal because the settlement agreement with Indeck rendered the substantive issues in the appeal moot. After we granted ICW's request for more time, the County filed a motion of its own objecting to the request for an extension and

renewing[1] its request for sanctions under Fed. R. App. P. 38 based on its assertion that ICW's appeal was frivolous.

Soon after, ICW sought permission of this court to voluntarily dismiss its appeal without costs. ICW stated that since the sole purpose of the appeal was to determine from the "eight corners" of the insurance policy and Indeck's complaint whether ICW owed a duty to defend and indemnify the County, the settlement of the underlying claim provided a new factual basis for resolving those issues and the appeal was now moot. The County objected to voluntary dismissal under Fed. R. App. P. 42(b), arguing that ICW's settlement with Indeck did not render moot the County's motion for costs and damages under Fed. R. App. P. 38 based on ICW's filing of its allegedly frivolous appeal. We denied ICW's Rule 42(b) motion to voluntarily dismiss the appeal because the parties could not agree on the allocation of costs, *see Hope Clinic v. Ryan*, 249 F.3d 603, 605 (7th Cir. 2001), and ordered that the merits of the County's Rule 38 motion be addressed during oral argument.

At oral argument both sides agreed that the issues of ICW's duty to defend and indemnify were no longer debatable in the context of this appeal; the only live issue before the court was whether ICW's appeal had a reasonable basis in law and fact, as ICW contends, or was frivolous and deserving of sanctions, as argued by the County. We now turn to that question.

## II. DISCUSSION

Rule 38 provides that an appellate court may award sanctions, in the form of costs and money damages, against

---

[1] The County first submitted its request for Rule 38 sanctions in its response brief.

an appellant who brings a frivolous appeal. *See* Fed. R. App. P. 38. We have said that an appeal is "frivolous" "when the result is obvious or when the appellant's argument is wholly without merit." *Grove Fresh Distributors v. John Labatt, Ltd.*, 299 F.3d 635, 642 (7th Cir. 2002). It is within the sound discretion of this court to decide whether to impose sanctions for pursuing a frivolous appeal. *Id.* In weighing a request for sanctions under Rule 38, we consider first whether the appeal is indeed frivolous and, if so, whether sanctions are appropriate. *Potuka v. Trans World Airlines*, 191 F.3d 834, 841 (7th Cir. 1999).

The County argues that sanctions are warranted in this case because ICW's appeal lacks any good faith basis in fact or law. The County claims that ICW's duty to indemnify was so obviously dependent on resolution of Count III at trial that ICW's request for a declaration of rights from the district court and its subsequent appeal were frivolous. We disagree. ICW was well within its legal rights to seek a declaration that it had no duty to indemnify against a claim that it reasonably believed to be outside the scope of its policy. The policy exclusion at issue bars claims based on "the principles of eminent domain, condemnation proceedings or inverse condemnation, by whatever name called," while Count III of Indeck's complaint alleges that the County's actions denying Indeck a permit to build the peaker plant resulted in a "loss of the lawful use" of the property. The district court could not discern from this language on what basis Indeck sought to impose liability on the County, nor could it determine for certain whether Count III alleged a claim that came within the policy exclusion. Given this ambiguity, it was not a foregone conclusion that we would interpret Count III's language in the same way as the district judge, nor that we would automatically decline to find jurisdiction and deny declaratory relief to ICW. Thus, we cannot say that ICW's appeal from

the district court's decision was without a good faith basis in law or fact.

The County also claims that the question of ICW's duty to defend was never arguable based on the plain language of the insurance policy and on the fact that the County never requested defense from ICW. The County may be correct in asserting that ICW's duty to defend (or lack thereof) was clearly established, but ICW did not seek declaratory judgment or file this appeal on that issue alone. ICW also sought to resolve whether it had a duty to indemnify the County, an issue which, as discussed above, was not so clearly established. Even if we were so inclined, it would not further the purpose of Rule 38 for us to decide that, while ICW's appeal of the duty to indemnify issue is reasonable, its appeal of the duty to defend issue is frivolous. In cases like this one, where the same underlying facts and circumstances are used to resolve two closely related issues on appeal, there is little danger that the resources of the court will be wasted and thus little reason to impose a penalty on the appellant for raising both issues on appeal.

Having said that, we "ought to be alert to the possibility" that ICW, in filing this appeal, was trying "to enlist [us] in a tactical maneuver undeserving of the expenditure of federal judicial resources." *Crowley Cutlery Co. v. United States Customs Service*, 849 F.2d 273, 279 (7th Cir. 1988). The County urges us to consider other facts, such as ICW's "quiet re-filing" of its suit in the district court soon after filing this appeal, its "abrupt policy-exhausting" and "unsolicited" settlement with Indeck, its reservation of its right to recover its settlement costs from the County, and its disclosure of the County's allegedly confidential trial strategy communications to Indeck, as evidence of ICW's bad faith in pursuing this appeal. Unlike the County, we do not see anything particularly insidious or ill-intentioned in these acts beyond the usual contentious-

ness of civil litigation. Instead, we are more impressed by the fact that ICW promptly moved for voluntary dismissal of its appeal once its settlement with Indeck became final and repeatedly asserted that it had no interest in pursuing its appeal once it had paid its policy limits on behalf of the County. The fact that ICW may have intended that this appeal would bear fruits in the form of settlement leverage with Indeck, as well as a favorable declaration of its obligations to indemnify and defend the County, cannot support imposing sanctions in this case. ICW's conduct in filing and pursuing this appeal is simply not the kind of "vexatious or obstinate litigation that warrants sanctions under" Rule 38. *Collins v. Educational Therapy Center*, 184 F.3d 617, 622 (7th Cir. 1999).

### III. CONCLUSION

The County's motion for relief in the form of sanctions and costs under Rule 38 is DENIED, and all other issues raised in this appeal are dismissed as moot.

A true Copy:

Teste:

_____
*Clerk of the United States Court of Appeals for the Seventh Circuit*