**Eugene CHERRY, Plaintiff–Appellant,**

v.

**Matthew FRANK, et al., Defendants–Appellees.**

No. 03–3072.

United States Court of Appeals, Seventh Circuit.

Submitted Dec. 16, 2003.*

Decided Dec. 16, 2003.

---

* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R.App. P. 34(a)(2).

Eugene L. Cherry, pro se, Boscobel, WI, for Plaintiff–Appellant.

David E. Hoel, Office of the Attorney General, Madison, WI, for Defendants–Appellees.

Before POSNER, ROVNER, and EVANS, Circuit Judges.

## ORDER

Wisconsin inmate Eugene Cherry brought an action under 42 U.S.C. § 1983, alleging that prison officials and staff at the Wisconsin Secure Program Facility (WSPF) violated his Eighth Amendment rights by, among other things, serving him meals that contained staples and needles. Along with his complaint, Cherry filed a preliminary injunction motion asking the court to enjoin prison officers Brad Hompe, Thomas Belz, and Henry Bray from having contact with him. The district court conducted a hearing at which Cherry testified that on numerous occasions he found staples and needles in his food when Belz and Bray were distributing meals. Testimony was also presented by two other WSPF inmates, one who said that he overheard officers Belz and Bray verbally harass Cherry with epithets such as "how was your food, fag boy," and another who stated that he had sent food back because it appeared that someone had "played with" it. Neither Cherry nor the two inmates had seen Belz or Bray put any object in any meals. The district court denied the motion for preliminary injunction, crediting defendants' testimo-

ny—specifically their statements that it would be nearly impossible and against their interests to hide the objects in a prisoner's meal—over Cherry's testimony, which it found inconsistent and unreliable.

Cherry argues in only general terms that the district court erred in determining that his evidence could not show a likelihood of success on the merits of his claims. Despite the low threshold for such a showing, *see Cooper v. Salazar*, 196 F.3d 809, 813 (7th Cir.1999), Cherry's appeal fails because he has produced nothing that calls into question the district court's determinations that his testimony was unreliable and that he was not entitled to a preliminary injunction. *See* Fed. R.App. P. 28(a)(9); *Anderson v. Hardman*, 241 F.3d 544, 545 (7th Cir.2001) (holding that even pro se brief "must contain more than a generalized assertion of error"). His charge that the district judge was biased against him is similarly flawed: he has not identified any specific actions or statements by the court that even remotely hint at any personal prejudice harbored against him. *See* 28 U.S.C. § 455(b)(1); *Grove Fresh Distrib., Inc. v. John Labatt, Ltd.*, 299 F.3d 635, 640 (7th Cir.2002).

AFFIRMED.