**UNPUBLISHED ORDER**
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted November 29, 2005[*]
Decided November 30, 2005

**Before**

Hon. WILLIAM J. BAUER, *Circuit Judge*

Hon. FRANK H. EASTERBROOK, *Circuit Judge*

Hon. ANN CLAIRE WILLIAMS, *Circuit Judge*

Nos. 04-2841 & 05–2700

|  |  |
|---|---|
| HSBC BANK, PLC, *Plaintiff-Appellee*, | Appeals from the United States District Court for the Northern District of Illinois, Eastern Division |
| *v.* | No. 03 C 3607 |
| HARVEY GOLDSTEIN and MARTHA HUSSEY, *Defendants-Appellants*. | Samuel Der–Yeghiayan, *Judge*. |

**ORDER**

Harvey Goldstein and Martha Hussey appeal from orders of the district court granting HSBC summary judgment and awarding HSBC attorneys' fees. Since we

---

[*] After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R. App. P. 34(a)(2).

find Goldstein and Hussey's brief to be inadequate under Fed. R. App. P. 28(a)(9), we dismiss the appeals.

In 2003, HSBC discovered that more than $600,000 had been fraudulently transferred out of one of its accounts held by the Nigerian National Petroleum Company to an account at LaSalle Bank that was held jointly by Goldstein and Hussey. HSBC Bank sued Goldstein and Hussey for unjust enrichment, seeking to recover the fraudulently transferred funds. However, by this time, Goldstein and Hussey had already transferred a large portion of the money to third parties. HSBC sued Goldstein and Hussey for the entire amount.

In June 2004, the district court granted HSBC's motion for summary judgment in part, and imposed a constructive trust on the money that remained in Goldstein and Hussey's account. The court then dismissed without prejudice HSBC's claim to the rest of the money. The court also awarded HSBC attorneys' fees, and instructed HSBC to submit a breakdown of the fees it incurred so that the court could specify an amount of fees to be awarded. Goldstein, but not Hussey, appealed this order. In May 2005, after receiving HSBC's breakdown of attorneys' fees, the court awarded HSBC over $130,000 in fees. Goldstein and Hussey both appealed this second order.

Goldstein and Hussey's brief fails to comply with Fed. R. App. P. 28(a)(9). This rule requires appellants to present legal arguments that are "more than a generalized assertion of error" and that are supported by citations to relevant case law and statutes. *Anderson v. Hardman*, 241 F.3d 544, 545 (7th Cir. 2001); *Mathis v. New York Life Ins. Co.*, 133 F.3d 546, 548 (7th Cir. 1998) (per curiam). Although we have made allowances for Goldstein and Hussey's pro se status, their brief does not articulate any coherent legal argument. They devote the majority of their brief to accusing HSBC of misconduct rather than identifying errors in the district court's reasoning. Furthermore, they have cited only two cases, neither of which is binding in this circuit or has anything to do with their principal contentions. Therefore, these appeals are dismissed.

HSBC has also moved for sanctions under Fed. R. App. P. 38. Rule 38 sanctions are appropriate when an appeal is frivolous, that is "when the result is obvious or when the appellant's argument is wholly without merit." *Grove Fresh Distrib., Inc. v. John Labatt, Ltd.*, 299 F.3d 635, 642 (7th Cir. 2002) (internal citation and quotation marks omitted). Since we have already found that Goldstein and Hussey failed to present any developed legal arguments, their appeals are clearly frivolous, and an award of sanctions is justified.

For the foregoing reasons, we DISMISS the appeal and award HSBC sanctions in the amount of its reasonable attorneys' fees incurred in this appeal. HSBC must submit a statement of its attorneys' fees within two weeks of the issuance of this order.