NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted July 17, 2008[*]
Decided July 17, 2008

**Before**

DIANE P. WOOD, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

No. 08-1646

| | |
|---|---|
| ADRAIN BRADD, | Appeal from the United States District |
|     *Plaintiff-Appellant,* | Court for the Northern District of |
| | Illinois, Eastern Division. |
|     *v.* | |
| | No. 07 C 6101 |
| HARRY D. LEINENWEBER, | |
| United States District Judge, *et al.,* | Wayne R. Andersen, |
|     *Defendants-Appellees.* | *Judge.* |

**O R D E R**

In this action under *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971), federal inmate Adrain Bradd claims that United States District Judge Harry D. Leinenweber and an unnamed employee of this court conspired to deny him due process by sabotaging his collateral attack on his 1996 drug conviction. See *United States v. Hoover*, 246 F.3d 1054 (7th Cir. 2001) (affirming conviction on direct appeal).

---

[*] The appellees were not served with process in the district court and is not participating in this appeal. After examining the appellant's brief and the record, we have concluded that oral argument is unnecessary. Thus the appeal is submitted on the appellant's brief and the record. See FED. R. APP. P. 34(a)(2).

Bradd explains that Judge Leinenweber would not let him amend his motion under 28 U.S.C. § 2255, and that, after his motion had been denied, an employee in our clerk's office refused to accept a supplement to his application for a certificate of appealability. This court, though, accepted Bradd's application as well as at least two supplements (one on Bradd's initiative, and another at our request) before denying him a certificate of appealability. See *Bradd v. United States*, No. 05-4671 (7th Cir. July 6, 2006), *cert. denied*, 127 S.Ct. 1854 (2007). Bradd petitioned for rehearing on the ground that a further supplement to his application had not been received by this court, but we denied that petition. See *Bradd v. United States*, No. 05-4671 (7th Cir. Aug. 29, 2006). Bradd now demands $62 million in damages.

The district court dismissed Bradd's complaint prior to service under 28 U.S.C. § 1915A. That ruling was correct because Bradd's complaint does not remotely suggest a plausible right to relief and thus fails to satisfy the minimal requirements of Federal Rule of Civil Procedure 8(a). See *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1964-65 (2007); *Killingsworth v. HSBC Bank Nevada, N.A.*, 507 F.3d 614, 618 (7th Cir. 2007). An unfavorable ruling does not evince improper motive by the court that issued it. See *Liteky v. United States*, 510 U.S. 540, 554 (1994); *Grove Fresh Distribs. Inc. v. John Labatt, Ltd.*, 299 F.3d 635, 640 (7th Cir. 2002). Bradd's remedy from the denial of his § 2255 motion was to file a notice of appeal and then, if he could not obtain a certificate of appealability from the district court, apply for one from us. Bradd did file an appeal and did apply to us for a certificate, which we denied. See *Bradd*, No. 05-4671 (7th Cir. July 6, 2006). He also moved for a rehearing on the same issue advanced in his civil complaint, that his supplemental filing was not accepted by our clerk's office, and we denied that motion as well. See *Bradd*, No. 05-4671 (7th Cir. Aug. 29, 2006). Bradd's attempt to use a *Bivens* action to contest these rulings is frivolous. He incurred one "strike" in the district court for his complaint and has incurred a second "strike" here for the continued pursuit of this frivolous litigation.

AFFIRMED.