NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted October 25, 2013[*]
Decided October 25, 2013

**Before**

RICHARD A. POSNER, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 13-2146

| | |
|---|---|
| WILLIE C. SIMPSON,<br>　　*Plaintiff-Appellant,* | Appeal from the United States District<br>Court for the Western District of Wisconsin. |
| *v.* | No. 11-cv-851-bbc |
| TIMOTHY HAINES,<br>　　*Defendant-Appellee.* | Barbara B. Crabb,<br>*Judge.* |

**ORDER**

Willie Simpson is an inmate at the Wisconsin Secure Program Facility. In this suit under 42 U.S.C. § 1983, he alleges that the warden failed to protect him from prison employees who tried to kill him by pumping poisonous gas into his cell through the air vents and intercom system. Simpson also alleges that after his recent felony convictions for assaulting four prison employees, the warden has forced him to remain in a housing

---

[*] After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and record. *See* FED. R. APP. P. 34(a)(2)(C).

unit staffed by those victims. Apparently he fears that these employees will retaliate. (In addition to suing the warden, Simpson also brought claims against more than 20 prison employees. He voluntarily dismissed his claims against those defendants.) Simpson's complaint demands damages and a transfer to a different prison. The district court granted summary judgment for the warden.

Simpson's allegation that the warden allowed prison staff to pump toxic gas into his cell is preposterous. At summary judgment Simpson submitted no evidence that chemical agents were used, and thus as the district court noted, the record paints a picture "vastly different" from the allegation in Simpson's complaint. This lawsuit is not the first where Simpson has made the same outlandish allegation about toxic gas. *See Simpson v. Walker*, No. 11-cv-838-bbc, 2013 WL 1329574 (W.D. Wis.) (Compl. ¶ 25), *aff'd*, No. 13-1720, 2013 WL 4301677 (7th Cir. 2013); *Simpson v. Olson*, No. 11-cv-606-bbc (W.D. Wis. Jan. 13, 2012) (Compl. ¶ 16). Simpson is on notice that future attempts to recycle this frivolous contention risk sanctions.

Also frivolous is Simpson's allegation that the warden is ignoring a risk of retaliation from the employees he assaulted. *See Helling v. McKinney*, 509 U.S. 25, 33–34 (1993) (explaining that the Eighth Amendment protects against future harm to inmates); *Curry v. Scott*, 249 F.3d 493, 506 (6th Cir. 2001) (same). Simpson submitted no evidence that he has been threatened or treated inappropriately by the two guards and two nurses he battered (in one instance with an elbow to the face and for the others by throwing excrement). Speculation about his victims' intentions is not evidence that they pose a threat. *See Johnson v. Doughty*, 433 F.3d 1001, 1012 (7th Cir. 2006) (explaining that "speculation or conjecture will not defeat a summary judgment motion"). Thus, the district court properly granted summary judgment for the warden.

We have considered Simpson's remaining arguments, but none warrants discussion. The judgment is AFFIRMED. The outcome of this appeal should have been obvious to Simpson given his far-fetched allegation about toxic gas and the lack of evidence to support his assertion that the warden is subjecting him to possible harm at the hands of prison staff. Accordingly, the appeal is frivolous, *see Smeigh v. Johns Manville, Inc.*, 643 F.3d 554, 555 (7th Cir. 2011); *Grove Fresh Distribs., Inc. v. John Labatt, Ltd.*, 299 F.3d 635, 642 (7th Cir. 2002), and counts as one of Simpson's allotted "strikes," *see* 28 U.S.C. § 1915(g).