**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted March 10, 2016[*]
Decided March 11, 2016

**Before**

DIANE P. WOOD, *Chief Judge*

RICHARD A. POSNER, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

No. 15-3172

| | |
|---|---|
| BENEDICT NICHOLS, | Appeal from the United States District |
| *Plaintiff-Appellant,* | Court for the Eastern District of Wisconsin. |
| | |
| *v.* | No. 15-C-1118 |
| | |
| STATE OF WISCONSIN, | C.N. Clevert, Jr., |
| *Defendant-Appellee.* | *Judge.* |

**O R D E R**

Benedict Nichols appeals from the dismissal of his complaint against the State of
Wisconsin alleging a "Workman's Comp. problem." Nichols alleges that he injured a
muscle in 1999 while shoveling snow to clear the entrance to a sheet metal factory where
he worked. He was fired from that job shortly after. It is unclear from the complaint
whether he ever filed a worker's compensation claim. Nichols asserts that his boss "lied

---

[*] The defendant was not served with process in the district court and is not
participating in this appeal. After examining the appellant's brief and the record, we
have concluded that the case is appropriate for summary disposition. *See* FED. R. APP. P.
34(a)(2)(C).

in court" and accuses the State of Wisconsin of obstructing justice and "not arresting the guilty party."

The district court dismissed the complaint at screening for failure to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B). The court explained that the complaint fails to allege any basis for federal jurisdiction of a state-law worker's compensation claim. The court added that any claim against the State of Wisconsin was barred by the Eleventh Amendment and expressed doubt about the timeliness of any claim based on events that occurred more than 15 years ago.

On appeal we dismissed Nichols's first brief as procedurally deficient and ordered him to file a brief that complies with Federal Rule of Appellate Procedure 28. Nichols submitted a new brief asking us to reverse the district court's dismissal, but the brief still does not address any of the district court's reasons for dismissing his complaint or otherwise explain why the court erred. Although we construe pro se briefs generously, an appellate brief must contain a cogent argument and reasons supporting it, with citations to relevant authority and parts of the record. *See* FED. R. APP. P. 28(a)(8); *Ball v. City of Indianapolis*, 760 F.3d 636, 645 (7th Cir. 2014); *Anderson v. Hardman*, 241 F.3d 544, 545–46 (7th Cir. 2001). Because Nichols has presented no arguments why his claim should not be dismissed, we are left with nothing to review.

Frivolous appeals like these waste the court's time and may "deprive litigants with real disputes who raise potentially meritorious arguments of an opportunity to be heard in a timely manner." *United States v. Ins. Consultants of Knox, Inc.*, 187 F.3d 755, 762 (7th Cir. 1999). We recently dismissed three other frivolous appeals filed by Nichols. *See Nichols v. State of Wisconsin*, No. 15-3773 (7th Cir. Feb. 12, 2016); *Nichols v. State of Wisconsin*, Nos. 15-3029 & 15-3030, 2016 WL 78417 (7th Cir. Jan. 7, 2016). Accordingly, we warn Nichols that the pursuit of any additional frivolous appeals may subject him to monetary sanctions. *See* FED. R. APP. P. 38; *Grove Fresh Distribs., Inc. v. John Labatt, Ltd.*, 299 F.3d 635, 642 (7th Cir. 2002); *Support Sys. Int'l, Inc. v. Mack*, 45 F.3d 185, 186 (7th Cir. 1995).

DISMISSED.