HLD-006                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-1839
_____

IN RE:  JASON COLLURA,
                                                        Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the Eastern District of Pennsylvania
(Related to E.D. Pa. Civ. Nos. 2-13-cv-04066 and
2-15-cv-04745)

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
May 23, 2019
Before:  SMITH, Chief Judge, AMBRO and ROTH, Circuit Judges

(Opinion filed: July 12, 2019)
_____

OPINION*
_____

PER CURIAM

Petitioner[1] has filed a petition and a supplemental petition for a writ of mandamus.

Petitioner challenges various judicial decisions in two related cases and seeks recusal of

the District Judge currently presiding over those consolidated cases.

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

[1] Petitioner identifies himself as "J.C." and states that he is not Jason Collura.  For
purposes of this petition, we need not decide the truth of his assertion.

1

A mandamus petition, in general, is a proper means of challenging a district judge's decision not to recuse pursuant to 28 U.S.C. § 455. See In re Sch. Asbestos Litig., 977 F.2d 764, 778 (3d Cir. 1992). Thus, to the extent Petitioner's petitions ask us to review Judge Petrese Tucker's denial of his motion for disqualification, filed under 28 U.S.C. § 455, the petition is properly before us. See E.D. Pa. Civ. No. 13-cv-04066, Dkt. #187 (motion for disqualification), and Dkt. #190 (order denying motion for disqualification). However, a petitioner must show that § 455 clearly and indisputably, see Haines v. Liggett Group, Inc., 975 F.2d 81, 89 (3d Cir. 1992), required the District Judge to disqualify herself. If not, we are not required to issue a writ of mandamus directing her to do so. In re: School Asbestos Litigation, 977 F.2d at 778. Section 455(a) provides that "[a]ny justice, judge, or magistrate judge of the United States shall disqualify h[er]self in any proceeding in which h[er] impartiality might reasonably be questioned." 28 U.S.C. § 455(a). Section 455(b)(1) provides that a judge shall also disqualify herself where "[s]he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding." 28 U.S.C. § 455(b)(1).

We are satisfied that Judge Tucker, in her order denying the motion to recuse, arrived at a legally sound conclusion that Petitioner's allegations against her do not provide a basis for disqualification either because her impartiality might reasonably be questioned or because she is biased. As Judge Tucker noted, although she had been a colleague of defendant Judge Dembe, he had been dismissed from the case five years earlier by a different District Judge. Judge Tucker further explained that her husband did

2

not hold the position of supervising judge in the Philadelphia Court of Common Pleas until many years after the events about which Petitioner complains in the underlying action.[2] We are not persuaded J.C. has shown that Judge Tucker is incapable of ruling fairly, as would be required to establish a clear and indisputable right to mandamus relief. In re: School Asbestos Litigation, 977 F.2d at 778. We thus conclude that there is no basis to issue a writ requiring Judge Tucker to disqualify herself in this matter.

As for the remainder of the requests for relief in his petition, Petitioner is well aware that mandamus may not be used as "a substitute for the regular appeals process," as an "appeal taken in due course after entry of a final judgment would provide an adequate alternative to review by mandamus." See In re Briscoe, 448 F.3d 201, 212 (3d Cir. 2006); In re: J.C., 731 F. App'x 129, 132 (3d Cir. 2018) (per curiam, not precedential). If J.C. disagrees with any rulings in the District Court cases, he may raise his challenges on appeal.

---

[2] J.C. has not raised in the District Court the allegation of his supplemental petition that Judge Tucker was or is on an advisory committee for the Philadelphia Probation Department, and thus has not provided her an opportunity to consider the implications of the matter alleged in his supplemental petition. Cf. In re Kensington Int'l Ltd., 353 F.3d 211, 224 (3d Cir. 2003) (noting that mandamus relief is not warranted where a motion seeking a district judge's disqualification is pending in the district court). Further, as he has not established that Judge Tucker is incapable of ruling fairly, he has not shown a clear and indisputable right to mandamus relief. See Grove Fresh Distributors, Inc. v. John Labatt, Ltd., 299 F.3d 635, 640 (7th Cir. 2002) ("Any bias must be proven by compelling evidence, and the issue is whether a reasonable person would be convinced the judge was biased.") (internal quotation marks omitted).

Because Petitioner has failed to show that mandamus relief is warranted, we will deny the petition for a writ of mandamus.[3]  Petitioner's motion to stay the District Court proceedings is denied.

---

[3] The Clerk of our Court captioned this proceeding using the caption in E.D. Pa. Civ. No. 13-cv-04066, which was designated as the lead case of the two underlying cases when they were consolidated.  The Clerk issued an order to show cause why Petitioner should be allowed to proceed using only his initials.  In his response, Petitioner did not show "both (1) a fear of severe harm, and (2) that the fear of severe harm is reasonable."  See Doe v. Megless, 654 F.3d 404, 408 (3d Cir. 2011) (internal quotation marks omitted).  Thus, we proceed with the case as captioned by the Clerk.