**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted November 21, 2019[*]
Decided November 25, 2019

**Before**

DIANE P. WOOD, *Chief Judge*

FRANK H. EASTERBROOK, *Circuit Judge*

DANIEL A. MANION, *Circuit Judge*

No. 19-2213

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Northern District of Indiana, Hammond Division. |
| *v.* | No. 2:06CR114-001 |
| LARRY COCHRAN, *Defendant-Appellant*. | James T. Moody, *Judge*. |

**O R D E R**

Larry Cochran, a federal inmate, appeals an order deciding two motions to reduce his sentence under the First Step Act of 2018, Pub. L. 115, 132 Stat. 5194 (2018). Although he received a reduction, Cochran argues that the district court should have reduced his sentence further, principally because, as argued in his second motion, his "debilitating medical condition" justifies immediate compassionate release. See 18 U.S.C. § 3582(c)(1)(A). We affirm in part because the district court permissibly exercised

---

[*] We have agreed to decide the case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. See FED. R. APP. P. 34(a)(2)(C).

its discretion over the first motion. But we remand so the district court may reconsider Cochran's request for compassionate release, as it has said it is inclined to do.

In 2007, Cochran received a sentence of 405 months in prison and 5 years' supervised release for possessing with intent to distribute five or more grams of cocaine base, in violation of 21 U.S.C. § 841(a)(1). We affirmed. *United States v. Cochran*, 309 Fed. App'x 2, 4 (7th Cir. 2009). Six years later, the district court granted Cochran's motion to reduce his sentence under Amendment 782 to the Sentencing Guidelines, which retroactively reduced his offense level. His prison time dropped to 327 months.

In late 2018, Cochran sought further sentence reductions under the First Step Act. Cochran did not make the district court's job easy; he papered the court with dozens of filings, but essentially made two requests. First, he invoked section 404 of the Act, which makes the Fair Sentencing Act of 2010, Pub. L. 111-220, 124 Stat. 2372 (2010), retroactive. Second, citing section 603 of the First Step Act, Cochran asked the court to grant him compassionate release because of his deteriorating health. He says that he is blind, paralyzed, wheel-chair bound, and suffering from cancer, respiratory problems, erosive osteoarthritis, panic disorder, and major depression. His prison has certified that he requires extensive aid for daily living.

After acknowledging that both requests were "before the court," the district court reduced Cochran's sentence under § 404. It reduced Cochran's term of imprisonment to 240 months—the new statutory maximum—and lowered his term of supervised release to three years—the statutory minimum. (He now has more than six years remaining to serve in prison.) The court explained that its decision under § 404 was based on Cochran's "history of disobeying this court's authority by filing numerous, frivolous documents, his demonstrations of contempt for criminal proceedings [he had threatened to disrupt his trial], the severity of [his] crimes, his career offender status, [and] public safety factors." Although the court said that it was deciding both motions, it said nothing about Cochran's § 603 arguments or his ill health.

On appeal, Cochran requests a further reduction under both §§ 404 and 603. About a month after judgment, he filed a "renewed" § 603 motion about his declining health, maintaining that the district court had not adequately considered his initial request. In response, the district court stated that it would address the renewed motion once this court relinquishes jurisdiction. It wrote: "Defendant has moved for ... reconsideration of the court's prior order ... [B]ecause defendant has an active appeal on this issue pending before the Seventh Circuit Court of Appeals ... this district court is

presently without jurisdiction. ... When the appeal is concluded, this court may take appropriate action." We address both aspects of Cochran's appeal.

Under § 404, Cochran raises three unavailing arguments. First, he argues that the district court should have recalculated "all aspects" of his original sentence because the original drug-quantity calculation contains "clerical errors" and, after Amendment 798, he is no longer a "career offender." (That amendment disqualified one of his convictions as a "crime of violence.") The government responds that the First Step Act does not permit these arguments. But even if it did, Cochran loses. The "clerical error" that Cochran observes is that the presentence investigation report incorrectly converted his drug quantity to a marijuana equivalence of 3,800 kilograms, rather than the correct equivalence of over 3,900 kilograms. This error favored him, and anyway the same guidelines range applies to any quantity between 3,000 and 10,000 kilograms. U.S.S.G. § 2D1.1(c)(3). And although in its 2018 order the district court called Cochran a "career offender," it did not sentence him under that guideline, nor has it ever. His offense level has always been based on the drug-quantity table, which is higher than the level produced by the "violent crimes" enhancement.

Cochran's two other § 404 arguments also fail. He quibbles with how the district court weighed aspects of his criminal and personal history when analyzing the sentencing factors under 18 U.S.C. § 3553(a). But weighing those factors is a proper use of discretion. *United States v. Adams*, 879 F.3d 826, 829 (7th Cir. 2018). Finally, Cochran contends that the district court did not sufficiently explain why it imposed the three-year term of supervised release. But that term is the mandatory minimum. 21 U.S.C. § 841(b)(1)(C). No further elucidation was required.

We turn to Cochran's request under § 603 of the First Step Act for compassionate release based on his blindness, paralysis, and other disabling conditions. The government argues that we lack appellate jurisdiction over this issue because "the district court has issued no ruling" on it. We disagree. The district court stated that it was deciding all motions "before the court," and it identified the § 603 request as one of the motions. True, the district court did not say whether Cochran's miserable medical conditions met the factors for compassionate release or, if so, how those factors influenced its discretion. See 18 U.S.C. § 3582(c)(1)(A) (compassionate release may be granted when prisoner has (1) exhausted administrative remedies and (2) presented "extraordinary and compelling reasons" for release). But the court did decide the motion, rendering its decision appealable. See *United States v. Lloyd*, 398 F.3d 978, 979 (7th Cir. 2005) (unexplained resolution of a motion is a reviewable final decision).

We need not, however, decide whether the district court's silence about its rationale for denying the § 603 request is reversible error because the court has said that it will reconsider its decision. While this appeal was pending, and after Cochran moved the district court to reconsider its denial of his § 603 request, the court stated that it is willing to reconsider and "take appropriate action" on this issue once it reacquires jurisdiction. Circuit Rule 57 provides that if, during an appeal, the district court states that it may modify a judgment in favor of the appellant, we will remand to allow the district court to decide the matter. *Adams v. City of Chicago*, 135 F.3d 1150, 1554 (7th Cir. 1998). We note that a motion to reconsider a sentencing reduction filed more than 14 days after the ruling is normally ineffectual. *United States v. Redd*, 630 F.3d 649, 650 (7th Cir. 2011). But the district court can decide whether Cochran violated that deadline, and if so, whether that deadline is merely a mandatory claims-processing rule, see *Eberhart v. United States*, 546 U.S. 12, 19 (2005), that the government has waived.

One final matter: Cochran has moved for reassignment of this case to another district judge. We DENY the motion because adverse litigation decisions are not grounds for recusal. *Grove Fresh Distrib., Inc. v. John Labatt, Ltd.*, 299 F.3d 635, 640 (7th Cir. 2002). We thus AFFIRM the sentencing order in all respects except that we REMAND to allow the district court to reconsider its denial of the § 603 request.