NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted June 22, 2007[*]
Decided September 14, 2007

**Before**

Hon. JOHN L. COFFEY, *Circuit Judge*

Hon. KENNETH F. RIPPLE, *Circuit Judge*

Hon. MICHAEL S. KANNE, *Circuit Judge*

No. 06-1646

| | |
|---|---|
| CYNTHIA EASLEY, Individually and as Administrator of the Estate of CHRISTOPHER B. EASLEY, *Plaintiff-Appellant,* | Appeal from the United States District Court for the Eastern District of Wisconsin |
| *v.* | No. 02 C 1065 |
| SERGEANT. MICHAEL B. REUSS, *Defendant-Appellee.* | Thomas J. Curran, *Judge* |

**O R D E R**

In 2004 we affirmed the denial of Cynthia Easley's motion to vacate the grant of summary judgment in a suit she brought under 42 U.S.C. § 1983 against several Wisconsin police officers and municipalities after one of the officers shot and killed her son Christopher. *See Easley v. Kirmsee,* 382 F.3d 693 (7th Cir. 2004). In the

---

[*]This successive appeal has been submitted to the panel that decided the original appeal. See Operating Procedure 6(b). After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. See Fed. R.App. P. 34(a)(2).

present suit, also brought under § 1983, Easley has sued Sergeant Michael Reuss, the highest-ranking officer at the scene. The district court granted summary judgment for Reuss. Because both claim and issue preclusion bar Easley's present suit, we affirm.

Reuss was not in the immediate vicinity when Christopher was shot and killed in October 2006. Rather, Reuss was called in as backup when an officer, on patrol in a residential neighborhood, spotted Christopher bleeding and wielding a knife and determined that he matched the description in an area-wide alert of an armed, emotionally-disturbed, and intoxicated individual that was roaming in the area that night. After Christopher refused to heed the officer's commands to put down the knife, Reuss asked the officer whether he had a non-lethal weapon in his possession, but he did not. Two more officers then arrived, and the four spread out to secure the area before pursuing further action against Christopher. As they were doing so, several other officers from different townships also arrived on the scene. Suddenly, Christopher darted in a different direction. While Reuss was therefore repositioning his squad car, he heard over his radio that Christopher had been shot by one of the officers from a different township.

Easley brought her first suit, ("Easley I"), in September 2001 against the shooting officer, alleging he used excessive force, against the officers who were in the immediate vicinity, alleging they failed to intervene, and against the townships they represented—including the City of Lake Geneva which is Reuss' employer—alleging that they failed to properly train the officers. Reuss, though, was not a party to this suit. The district court granted the defendants' motion for summary judgment after Easley failed to respond. The court found that the use of force was reasonable and that the officers were adequately trained. *See Easley v. Kirmsee,* No. 01-C-938 (E.D. Wis. Nov. 26, 2006). Easley did not appeal that ruling, but instead filed a Rule 60(b) motion to reconsider. The court denied it, and we upheld that denial on appeal.

In the meantime, in October 2002, Easley initiated the instant lawsuit against Reuss in both his official and individual capacities. Easley alleged that Reuss—as the highest ranking officer at the scene—violated Christopher's Fourth and Fourteenth Amendment rights by failing to control his fellow officers and order them to procure less than lethal force before attempting to apprehend Christopher. The district court granted Reuss's motion for summary judgment, finding that the doctrine of *res judicata* (claim preclusion) barred the claim against him in his official capacity, and that Reuss was entitled to qualified immunity on the claim against him in his individual capacity. Reuss appealed.

We first turn to the district court's application of claim preclusion (res judicata) to Easley's claims against Reuss in his official capacity. Claim preclusion

bars not only issues actually decided in a prior suit, but also those that could have been raised. *Highway J Citizens Group v. United States Dep't of Transp.*, 456 F.3d 734, 741 (7th Cir. 2006). It requires (1) a prior final judgment on the merits; (2) the same claim; and (3) the same parties or their privies. *Tartt v. Nw. Cmty. Hosp.*, 453 F.3d 817, 822 (7th Cir. 2006). Easley argues that none of the three requirements for claim preclusion are satisfied here.

She first contends that Easley I was not decided on its merits, but rather on "procedural irregularities." This characterization is not supported by the district court's decision in that case. It is true that Easley failed to respond to the defendants' motion for summary judgment, but the district court emphasized that "summary judgment cannot be granted merely because the opponent of the motion fails to respond." The district court thus independently reviewed the defendants' proposed facts and arguments and concluded that "the force used against Christopher was reasonable." In any event, even a dismissal for failure to prosecute or otherwise comply with the rules of civil procedure (other than dismissal for lack of jurisdiction) *is* an adjudication on the merits. *See* Fed. R. Civ. P. 41(b).

Easley then insists that she is not advancing the same claims in her new lawsuit because the legal theories she is asserting are different. But Easley misapprehends the concept of a claim: for *res judicata* purposes "a claim is not an argument or a ground but the events claimed to give rise to a right to a legal remedy." *Bethesda Lutheran Homes & Servs., Inc. v. Born*, 238 F.3d 853, 857 (7th Cir. 2001). It is clear from our review of Easley's complaints that they both arise out of the same set of facts. Cloaking the facts in new legal theories does not establish a new claim. *See Cannon v. Loyola Univ. of Chicago*, 784 F.2d 777, 780 (7th Cir. 1986).

Easley finally argues that claim preclusion does not apply because Reuss was not a party to her previous suit. But "res judicata bars subsequent suits against those who were not party to a prior suit if their interests are closely related to those who were." *Tartt v. Northwestern Comm. Hosp.*, 453 F.3d 817, 822 (7th Cir. 2006); *Garcia v. Vill. of Mount Prospect,* 360 F.3d 630, 636 (7th Cir. 2004). And we have explained that such privity exists between government entities and their employees when such employees are sued in their official capacities. *See Gray v. Locke,* 885 F.2d 399, 405 (7th Cir. 2005). *See also Hafer v. Melo,* 502 U.S. 21, 25 (1991) (noting that claims against officers in their official capacity "represent another way of pleading an action against an entity of which an officer is an agent.") Thus, the district court correctly applied the doctrine of *res judicata* to bar Easley's claims against Reuss in his official capacity.

We turn now to the claims against Reuss in his individual capacity, which Reuss argues are barred under the doctrine of collateral estoppel (issue preclusion). Reuss raised this argument in his motion for summary judgment, but the district

court did not address it in its order.  An appellee, though, may urge an alternate ground for affirmance that he raised below and that is supported by the record so long as it does not enlarge the relief previously given the appellee.  *See Morley Co. v. Maryland Cas. Co.,* 300 U.S. 185, 191 (1937); *Ill. Sch. Dist. Agency v. Pacific Ins. Co.,* 471 F.3d 714, 722 (7th Cir. 2006).  It follows that we may consider Reuss's argument because the district judge decided the merits of Easley's claims in Reuss's favor.  *See, e.g., Williams v. Seniff,* 342 F.3d 774, 793 (7th Cir. 2003)

The doctrine of collateral estoppel provides that once a court has decided an issue of fact or law necessary to its judgment, that decision is conclusive in a subsequent suit involving a party to the prior litigation.  *Harrell v. U.S. Postal Service,* 445 F.3d 913, 921 (7th Cir. 2006).  There are four specific elements to issue preclusion: (1) the issue is the same as one involved in the prior action; (2) the issue was actually litigated; (3) the determination of the issue was necessary to the prior judgment; and (4) the party against whom preclusion is invoked was fully represented in the prior action.  *Wash. Group Int'l, Inc. v. Bell, Boyd, & Lloyd LLC,* 383 F.3d 633, 636 (7th Cir. 2004).  And it makes no difference that Reuss is being sued in his individual capacity because it is well settled that collateral estoppel may be used defensively by a party who was not a party to the previous suit against a plaintiff like Easley who has had one full and fair opportunity to litigate a given issue.  *See Blonder-Tongue Laboratories, Inc. v. Univ. of Ill. Foundation,* 402 U.S. 313, 325 (1971); *Newman v. State of Ind.,* 129 F.3d 937, 942 (7th Cir. 1997).

Easley only generally challenges the first prong of the test, again asserting that the issues differ because she has advanced new legal theories.  But to establish a claim for failure to intervene, a plaintiff must show that the officer had reason to know "that any constitutional violation has been committed by another law enforcement official; and the officer had a realistic opportunity to intervene to prevent the harm from occurring."  *Windle v. City of Marion,* 321 F.3d 658, 663 (7th Cir. 2003).  In other words, Easley's claim can succeed only if Christopher's shooting by Reuss's subordinates violated constitutional standards, which according to the decision in Easley I, it did not.  Under the doctrine of collateral estoppel, Easley may not now relitigate whether the underlying shooting was justified.

Accordingly, the judgment of the district court is AFFIRMED.