NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit
Chicago, Illinois 60604**

Submitted April 19, 2011
Decided May 24, 2011

**Before**

WILLIAM J. BAUER, *Circuit Judge*

JOHN L. COFFEY, *Circuit Judge*

KENNETH F. RIPPLE, *Circuit Judge*

No. 10-3240

| | |
|---|---|
| IN RE: JOHN P. MESSINA, doing business as THE LAW OFFICE OF JOHN P. MESSINA, <br> *Debtor-Appellant.* | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. <br><br> No. 1:09-cv-01739 <br><br> Robert W. Gettleman, <br> *Judge.* |

## ORDER

John Messina appeals a contempt judgment for a third time, asserting arguments that we have rejected at least once or twice before. His arguments have not improved with the passage of time. We affirm.

## A. Messina's Prior Appeals

Messina, on behalf of Grove Fresh Distributors, filed two lawsuits that were protected by confidentiality and seal orders. Messina refused to obey these and other orders, despite the court's many warnings and admonitions. In 1995, after nearly five years of litigation, the Honorable James B. Zagel held Messina in contempt for (1) willfully and knowingly violating protective orders by disclosing confidential information in a letter to counsel for intervenors, in a brief filed with this court, and in a conversation with a *New York Times* reporter; and (2) refusing to appear in court. *Grove Fresh Distribs., Inc. v. John Labatt Ltd.*, 888 F. Supp. 1427, 1435-49 (N.D. Ill. 1995). Judge Zagel also subjected Messina to Rule 11 sanctions for (1) misrepresenting himself as counsel for Grove Fresh Distributors after he was discharged; (2) filing a brief in this court for an improper purpose and arguing issues not yet presented to the district court; and (3) filing a brief in this court even though he was not a party to the action, did not represent a party to the action, and lacked an adverse judgment to appeal. *Grove Fresh Distribs., Inc. v. John Labatt Ltd.*, 888 F. Supp. 1427, 1450-52 (N.D. Ill. 1995). Finally, Judge Zagel ordered Messina to pay attorneys' fees and costs, totaling $149,554.45, and required Messina to post a $50,000 bond to protect against the "significant risk of repetition of future disclosures." *Grove Fresh Distribs., Inc. v. John Labatt Ltd.*, 888 F. Supp. 1427, 1448 (N.D. Ill. 1995). We affirmed. *Grove Fresh Distribs., Inc. v. John Labatt Ltd.*, 134 F.3d 374 (7th Cir. 1998).

Messina then filed for Chapter 11 reorganization in the name of his law firm. When the defendants sought a declaration that the contempt judgments were non-dischargeable, Messina publically filed an affidavit with the bankruptcy court which disclosed confidential information still under protective order. These improper disclosures led to the issuance of a second contempt judgment. Messina appealed, reiterating many arguments that we rejected on his prior appeal. We affirmed the district court's rulings, sanctioned Messina for filing a frivolous appeal, and ordered Messina to pay costs and $1,500 for his abuse of the litigation process. *Grove Fresh Distribs., Inc. v. John Labatt, Ltd., et al.*, 299 F.3d 635 (7th Cir. 2002).

## B. Messina's Third Appeal

In 2000, the bankruptcy court held that the contempt judgments were non-dischargeable. *In re: The Law Office of John P. Messina*, 2000 WL 311145 (Bankr. N.D. Ill. 2000). The district court affirmed this holding. *In re: The Law Office of John P. Messina*, 2010 WL 3397043 (N.D. Ill. 2010). Messina appeals, but instead of addressing the bankruptcy court's ruling—i.e., whether the contempt findings are dischargeable—Messina uses this appeal to assert four recycled arguments that we have rejected at least once before. The doctrines of res judicata and collateral estoppel bar Messina from re-litigating these issues. *See Easley v. Reuss*, 247 Fed. Appx. 823, 826-27 (7th Cir. 2007).

Messina first argues that someone other than himself is responsible for the outcome of the contempt hearings. In his prior appeals, Messina attacked the contempt orders by accusing Judge Zagel of impropriety, and in this appeal, he attacks the contempt orders by accusing opposing counsel of impropriety. These arguments are one in the same; each of them contests the contempt judgments on the basis that another person's improper conduct led to the contempt findings. As we have held twice before, the only person responsible for Messina's conduct—and the contempt findings it inspired—is Messina. *Grove Fresh Distribs., Inc.*, 299 F.3d at 640-42; *Grove Fresh Distribs., Inc.*, 134 F.3d at *3-5. Messina cannot avoid this holding by repackaging his argument under a different legal theory.

Second, Messina contests the legitimacy of the seal order. Having already affirmed both the factual and legal priority of the seal order, we need not address this issue again. *Grove Fresh Distribs., Inc.*, 134 F.3d at *2-4.

Third, Messina points to a fictional novel authored by Judge Zagel and attributes the characteristics of the judge in the novel to Judge Zagel himself. This argument borders on the ridiculous: the novel is fictional, the fictitious judge did not portray Judge Zagel, and we will not ascribe the conduct of a fictitious character to Judge Zagel's conduct in reality. Although Messina has once again attacked Judge Zagel's rulings by challenging his judicial integrity, we need not discuss this argument any further because we have already affirmed the conduct, rulings, and judicial impartiality of Judge Zagel. *Grove Fresh Distribs., Inc.*, 299 F.3d at 640-42.

Finally, Messina argues that the record, and in particular the docket, was improperly suppressed. We rejected this argument and affirmed the maintenance of the record as sufficient in *Grove Fresh Distributors, Inc.*, 299 F.3d at 641. We decline to revisit this issue.

While Messina tries to use this appeal to re-assert four previously rejected arguments, the doctrines of res judicata and collateral estoppel preclude him from re-litigating those issues.[1] *See Easley*, 247 Fed. Appx. at 826-27. The defendant's steadfast refusal to accept our prior holdings has wasted the time and resources of opposing counsel and the judiciary.

## C. Sanctions

Pursuant to Rule 38 of the Federal Rules of Appellate Procedure, we may award sanctions against an appellant who brings a frivolous appeal. Fed. R. Ap. P. 38. An appeal is frivolous

---

[1] Messina did not argue on appeal that the contempt judgments were dischargeable, and he has therefore waived this argument. *See Hojnacki v. Klein-Acosta*, 285 F.3d 544, 548 (7th Cir. 2002) (stating that "[a] party waives any argument that it does not raise before the district court *or, if raised in the district court, it fails to develop on appeal*") (emphasis added).

"when the result is obvious or when the appellant's argument is wholly without merit." *Spiegel v. Cont'l Illinois Nat'l Bank*, 790 F.2d 638, 650 (7th Cir. 2000).

Like the redundant appeal before it, this appeal is patently frivolous. We rejected all of Messina's arguments at least once before, and he could not have believed in good faith that his arguments would be successful this time around. We order Messina to show cause as to why he should not pay double attorneys' fees and costs associated with this appeal, pursuant to Rule 38 of the Federal Rules of Appellate Procedure. We also order Messina to show cause as to why he should not be suspended or disbarred pursuant to Rule 46(b) of the Federal Rules of Appellate Procedure. Finally, given Messina's blatant disregard of this court's and the district court's warnings, contempt findings, and sanctions, we caution Messina that another frivolous appeal will warrant an injunction against future litigation between these parties. Messina's litigation crusade must end; whether it ends voluntarily or by order of court is entirely within his control.

Messina's response to each Rule to Show Cause is due by June 24, 2011.

AFFIRMED.