In the

# United States Court of Appeals

## For the Seventh Circuit

Nos. 07-3539, 08-1552

MARGARET J. COLLINS,

*Plaintiff-Appellant,*

*v.*

STATE OF ILLINOIS, et al.,

*Defendants-Appellees.*

Appeals from the United States District Court
for the Central District of Illinois.
No. 03-3159—**Richard Mills**, *Judge.*

SUBMITTED DECEMBER 11, 2008[*]—DECIDED FEBRUARY 2, 2009

Before BAUER, RIPPLE, and ROVNER, *Circuit Judges.*

PER CURIAM. Margaret Collins, who works at the
Illinois State Library, has long been embroiled in litiga-

---

[*] These appeals are successive to case no. 04-2234 and are being
decided under Operating Procedure 6(b) by the same panel.
After examining the briefs and the record, we have concluded
that oral argument is unnecessary. Thus, the appeals are
submitted on the briefs and the record. *See* FED. R. APP. P.
34(a)(2).

tion with her employer, her union, and officials of both. This is her third lawsuit claiming employment discrimination, and although the district court initially dismissed it after concluding that Collins's complaint duplicated her earlier suits, we detected some new claims and remanded the case in part for those claims to be considered. *See Collins v. Illinois*, 125 F. App'x 723 (7th Cir. 2005). Collins, though, walked out of her deposition, so the district court dismissed her complaint under Federal Rule of Civil Procedure 37(d)(1) as a sanction for discovery abuse. The court additionally ordered Collins to pay the union's costs and attorneys' fees incurred in preparing for the deposition. Collins appeals both the dismissal and the denial of her postjudgment motion to vacate the order to pay fees and costs. We have consolidated the two appeals.

Things did not go smoothly after our remand in 2005. Collins was ordered to amend her complaint four times between then and 2007. In the meantime, the defendants attempted to commence discovery in April 2006 when they served Collins with interrogatories. In March 2007, after Collins had given incomplete answers to the interrogatories and ignored requests for production of documents, the district court granted the defendants' motion to compel her to respond to their discovery requests. Collins finally answered the interrogatories in June 2007. Thereafter, the parties struggled to schedule a mutually acceptable time for Collins's deposition, and on the defendants' motion, the court extended the discovery deadline to September 5, 2007.

In late August 2007, on a date she selected, Collins appeared for her deposition. When she arrived at the office where the deposition was to take place, however, Collins refused to be questioned in the presence of anyone but lawyers. But the defendants who were present were entitled to be there, and despite the lawyers' attempts to explain this to Collins, she still refused. The union's attorney offered to call the magistrate judge to resolve the dispute, but Collins left before the call could be made.

The next day the defendants moved for dismissal as a sanction for discovery abuse under Federal Rule of Civil Procedure 37(d) and requested that Collins be ordered to pay their related costs and attorneys' fees. Meanwhile, Collins filed a motion seeking exclusion of any non-parties from her future deposition, a larger site for the deposition, and the use of a court reporter from a different reporting service. In her motion Collins alleged that two police officers were sitting in a police car outside the office when she arrived for her deposition, and she contended that their presence, as well as the presence of the individual defendants, was intended to intimidate her.

The district court granted the defendants' motion after concluding that Collins's refusal to be deposed was "willful and egregious." The court noted that, although Collins was proceeding pro se and may have lacked familiarity with the rules of procedure, she was informed that the individuals who were present at the deposition were entitled to be there. The court determined that her objections to the court reporter and the police officers outside the building were baseless, and that

her decision to leave before the magistrate judge could be contacted demonstrated that she "had no intention of proceeding with the deposition" and was simply "looking for a reason to avoid being deposed." Additionally, the court found that Collins had failed to comply with previous discovery requests, noting that it had granted the defendants' motion to compel and that Collins had not responded to the interrogatories until nearly one year after they were served. The court therefore entered judgment in favor of the defendants and ordered Collins to pay the defendants' costs and attorneys' fees incurred in preparing for the deposition.

Collins filed a motion to reconsider the judgment, which the district court denied on October 23, 2007. *See* FED. R. CIV. P. 59(e). Collins then filed a notice of appeal challenging the order of dismissal. The court went on to quantify the financial sanction and on November 20, ordered Collins to pay the union $1,575 for its costs and fees. Collins timely moved for reconsideration of that decision, arguing that the court had accepted the union's bill of costs without giving her an opportunity to respond and that the court no longer had jurisdiction to enter the order because she had filed a notice of appeal from the dismissal of her lawsuit. The district court denied the motion on December 7, explaining that Collins had not responded to the union's submission or requested an extension of time within 14 days as required under Local Rule 7.1(B)(1) and further noting that the notice of appeal did not divest the court of jurisdiction to wrap up unfinished business such as the awarding of costs and attorneys' fees. Collins, not satisfied with this ex-

planation, moved under Federal Rule of Civil Procedure 60(b) to vacate the court's order. The court denied her motion on December 21. Collins then filed a second notice of appeal on January 17, 2008, which is timely only as to the December 21 decision. We have consolidated the two appeals for review.

The library defendants have moved for dismissal under Federal Rule of Appellate Procedure 28, arguing that Collins has failed to meet the requirements for an appellate brief. Alternatively, both the library and union defendants have moved for summary affirmance on the ground that the arguments in Collins's brief are "incomprehensible or completely insubstantial." Collins's brief, however, substantially complies with Rule 28, *see Anderson v. Hardman*, 241 F.3d 544, 545 (7th Cir. 2001), and the content of the brief is enough to satisfy us that summary affirmance is not appropriate in this case, *see United States v. Fortner*, 455 F.3d 752, 754 (7th Cir. 2006).

As we understand her principal argument, Collins contends that the district court abused its discretion by dismissing her lawsuit because, in her view, "there was no clear record of delay, contumacious conduct, or prior failed sanctions." She also contends that the court should have granted her motion to reconsider the $1,575 award to the union because she did not receive the itemization of costs and fees until two days after it was filed with the court electronically, and, therefore, she did not have a full 14 days to respond before the court ruled. Finally, Collins argues that the court was biased and failed to afford her the leniency normally provided to a pro se litigant.

Although dismissal is a harsh penalty, we review all discovery sanctions for abuse of discretion and will uphold a district court's decision so long as it could be considered reasonable. *In re Thomas Consol. Indus., Inc.*, 456 F.3d 719, 724 (7th Cir. 2006); *Maynard v. Nygren*, 332 F.3d 462, 467 (7th Cir. 2003). Rule 37(d) authorizes dismissal as a sanction for a party's failure to appear for a deposition after being served with proper notice. *See* FED. R. CIV. P. 37(d)(1)(A)(i); 37(b)(2)(A)(v). We note that the standard cited by Collins, that an action may be dismissed only when there is a "clear record of delay or contumacious conduct, or prior failed sanctions," applies when a lawsuit is dismissed for want of prosecution or failure to comply with orders of the court. *See Maynard*, 332 F.3d at 467. But that is not what happened here, and to dismiss a case as a sanction for discovery abuse the court must only find that the party's actions displayed willfulness, bad faith, or fault. *In re Thomas Consol. Indus., Inc.*, 456 F.3d at 724; *Maynard*, 332 F.3d at 468. Once the court makes such a finding, the sanction imposed must be proportionate to the circumstances. *Maynard v. Nygren*, 372 F.3d 890, 892-93 (7th Cir. 2004); *Melendez v. Ill. Bell Tel. Co.*, 79 F.3d 661, 672 (7th Cir. 1996).

The district court's choice of dismissal was reasonable given Collins's willful refusal to be deposed. The court made an explicit finding that Collins's conduct was willful in that she refused to wait until the magistrate judge could be contacted to address her objections, and she gave no legitimate reason for walking out of her deposition. These findings are supported by clear and convincing evidence. *See Negrete v. Nat'l R.R. Passenger*

*Corp.*, 547 F.3d 721, 724 n.1 (7th Cir. 2008). Collins was told that the defendants were entitled to attend the deposition, and her later objections regarding the court reporter and the police outside the building are baseless. The record also reveals a pattern of disregard for discovery rules including a failure to timely answer interrogatories and supply documents. Finally, in their request for sanctions, the defendants noted that deposing Collins was essential to proceed with the case because her complaint was vague and left them uncertain about her specific claims. Given that Collins had hindered the progress of her lawsuit during the twenty-eight months between our remand in March 2005 and her aborted deposition in August 2007, we perceive no abuse of discretion in the court's choice of sanction.

Nor did the district court abuse its discretion when it denied Collins's Rule 60(b) motion. *See Hicks v. Midwest Transit, Inc.*, 531 F.3d 467, 473-74 (7th Cir. 2008). The union served Collins with an itemized statement of fees and costs by mailing it to her home address on November 5, *see* FED. R. CIV. P. 5(b)(2)(C), and the record shows that Collins failed to respond within fourteen days of service as required by Local Rule 7.1(B). The court therefore entered its order awarding the requested costs and fees on November 20, fifteen days later. Moreover, Collins contends that litigants who file electronically have an unfair advantage over those who receive court orders by regular mail, but this difference does not satisfy the extraordinary requirements for Rule 60(b) relief, which is granted only in exceptional circumstances. *See Harrington v. City of Chi.*, 433 F.3d 542, 546 (7th Cir. 2006).

Finally, Collins's contention that Judge Mills was biased and that he failed to adequately accommodate her pro se status lacks merit. We understand this argument as a challenge to the court's denial of her motion to recuse Judge Mills, which Collins filed immediately after our remand in 2005. In her motion Collins contended that Judge Mills had rushed to dismiss her case, had never disclosed his purported relationship to the defendants, and had displayed prejudice against her and other African Americans. In denying the motion, Judge Mills reasoned that Collins's allegations were unsubstantiated personal attacks and failed to establish any evidence of bias.

At the outset we reject Collins's assertion that Judge Mills must have been biased because he initially dismissed her complaint and later required her to amend it four times. As we have repeatedly held, even pro se litigants must follow procedural rules, *see Pearle Vision, Inc. v. Romm*, 541 F.3d 751, 758 (7th Cir. 2008), and judicial rulings rarely present a valid basis for a recusal motion, *Grove Fresh Distribs., Inc. v. John Labatt, Ltd.*, 299 F.3d 635, 640 (7th Cir. 2002). To the extent that her motion for recusal was based on 28 U.S.C. § 455(a), which requires recusal in any proceeding in which a judge's impartiality might reasonably be questioned, Collins failed to pursue her only avenue for review, a pretrial petition for mandamus. *See O'Regan v. Arbitration Forums, Inc.*, 246 F.3d 975, 987 (7th Cir. 2001). Nor has Collins presented any evidence that would lead a reasonable observer to believe that the judge was incapable of ruling fairly, as required to establish actual bias under 28 U.S.C.

§ 455(b)(1). *See id.* at 988; *Hook v. McDade*, 89 F.3d 350, 355 (7th Cir. 1996).

Accordingly, in both appeals we AFFIRM the decision of the district court. The motion for summary affirmance or to strike Collins's brief is DENIED.