NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted May 1, 2009[*]
Decided May 1, 2009

**Before**

RICHARD A. POSNER, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

JOHN DANIEL TINDER, *Circuit Judge*

No. 08-2185

| | |
|---|---|
| AZIZ A. TOKH, | Appeal from the United States District |
| *Plaintiff-Appellant*, | Court for the Northern District of |
| | Illinois, Eastern Division. |
| *v.* | |
| | No. 06 C 489 |
| WATER TOWER COURT HOME | |
| OWNERS ASSOCIATION, et al., | Amy J. St. Eve, |
| *Defendants-Appellees*. | *Judge*. |

**O R D E R**

In 2004 Aziz Tokh enlarged the front stoop and back patio of his townhouse in violation of a restrictive covenant contained in the declaration and bylaws of the Water

---

[*]After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2).

Tower Court Home Owners Association. In response, the Association fined him $500, ordered him to restore his property to its original condition, and suspended for 60 days his voting rights as a member of its Board of Directors. Tokh then sued the Association and its management company under the federal Fair Housing Act, alleging that they took these actions against him because he is Muslim, Asian, and was born in Afghanistan. *See* 42 U.S.C. § 3617; *White v. U.S. Dept. of Housing & Dev.,* 475 F.3d 898, 907 (7th Cir. 2007). The district court granted the Association's motion for summary judgment, reasoning that it had provided a legitimate non-pretextual justification for its actions—it had a fiduciary duty to enforce the restrictive covenants set forth in the Association's declaration and bylaws. Tokh did not file a timely appeal from that judgment.

Tokh filed three post-judgment motions simultaneously: a request for reconsideration, which, because Tokh filed it more than ten business days after judgment, the district court correctly construed as a motion under Federal Rule of Civil Procedure 60(b); a motion for judgment as a matter of law, *see* FED. R. CIV. P. 50(b); and a request for injunctive relief premised on the Association's alleged violations of Illinois corporate fiduciary law, *see* 205 ILCS 620/5-3. The district court denied all three motions on April 21, 2008, and Tokh appealed. Because the appeal is timely only as to the April 21 order, we confine our review to the district court's denial of Tokh's post-judgment motions.

Tokh first contends that the district court should have granted his motion for reconsideration because the district court erroneously ruled that Tokh had not presented sufficient evidence of discrimination. But Tokh misunderstands the scope of Rule 60(b) motions, the rulings on which we review deferentially for an abuse of discretion. *See Hicks v. Midwest Transit, Inc.*, 531 F.3d 467, 474 (7th Cir. 2008). A Rule 60(b) motion requires that Tokh present newly discovered evidence or identify another limited ground for relief from judgment specified in the Rule. His motion does none of this; rather, it simply rehashes the merits of the case based on the existing record. It therefore improperly advances arguments that Tokh should have presented in a timely appeal from the underlying judgment, which he failed to do. *See Stoller v. Pure Fishing, Inc.*, 528 F.3d 478, 480 (7th Cir. 2008) (Rule 60(b) motion for reconsideration is not a substitute for appeal); *Karraker v. Rent-A-Center, Inc.*, 411 F.3d 831, 837 (7th Cir. 2005) (Rule 60(b) motion is not the time to rehash previously rejected arguments). Because Tokh has not shown the kind of extraordinary circumstances that would warrant relief under Rule 60(b), *see Collins v. Illinois,* 554 F.3d 693, 697 (7th Cir. 2009), we conclude that the district court did not abuse its discretion in denying his motion.

Tokh next makes a confusing argument that the district court should have granted his Rule 50 motion because counsel for the Association as well as the members of the Association's Board of Directors lacked "standing" under the Association's bylaws and local court rules to represent the Association in court. To begin with, Rule 50 is inapplicable

to this case because it was decided at summary judgment, not after a trial. *See* FED. R. CIV. P. 50(a)(1); *Alexander v. Mount Sinai Hosp. Med. Ctr.*, 484 F.3d 889, 902 (7th Cir. 2007); *see also McSherry v. City of Long Beach*, 423 F.3d 1015, 1019 (9th Cir. 2005) (holding that pretrial use of Rule 50 was impermissible and noting that the rule presumes that a jury trial has begun and that nonmoving party has finished presenting evidence). And, even if we treat the argument as another purported reason for relief from judgment under Rule 60(b), it has no merit. Tokh does not explain why an alleged deviation from these rules, which does not affect the merits, invalidates a judgment that the Association is not liable. And, in any case, he doesn't explain why he could not have presented this contention before judgment. *See Karraker*, 411 F.3d at 837.

Finally, Tokh contends that the district court wrongly denied his post-judgment motion for state-law injunctive relief. But the court did not decide the motion on the merits; instead it declined to exercise supplemental jurisdiction because there were no remaining federal claims. *See* 28 U.S.C. § 1367; *Golden Years Homestead, Inc. v. Buckland*, 557 F.3d 457, 462 (7th Cir. 2009). Furthermore, contrary to Tokh's claim, the court did not have to wait for the defendants to respond to the motion before it could assess its own jurisdiction to entertain the motion. *See Myers v. County of Lake, Ind.*, 30 F.3d 847, 849-50 (7th Cir. 1994). The court's decision to decline supplemental jurisdiction was not an abuse of its discretion.

AFFIRMED.