NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted September 8, 2010[*]
Decided September 9, 2010

**Before**

WILLIAM J. BAUER, *Circuit Judge*

RICHARD A. POSNER, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

No. 10-1589

| | |
|---|---|
| LISA J. GILLARD, | Appeal from the United States District |
|     *Plaintiff-Appellant*, | Court for the Northern District of Illinois, |
| | Eastern Division. |
|     *v.* | |
| | No. 08 C 6996 |
| BOARD OF TRUSTEES OF | |
| COMMUNITY COLLEGE DISTRICT | William J. Hibbler, |
| NO. 508, COUNTY OF COOK AND | *Judge*. |
| STATE OF ILLINOIS,[**] | |
|     *Defendant-Appellee*. | |

---

[*]After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus the appeal is submitted on the briefs and the record. See FED. R. APP. P. 34(a)(2)(C).

[**]Gillard's complaint names "City Colleges of Chicago" as the defendant, but that is not a suable entity, so we have adjusted the caption accordingly. See 110 ILCS 805/3-11.

# O R D E R

The district court dismissed Lisa Gillard's pro se employment-discrimination suit after concluding that she had acted in bad faith by walking out of her deposition. Gillard appeals but offers no argument why the court abused its discretion. We affirm the judgment.

Gillard taught English at Harold Washington College, but the school decided not to renew her contract in November 2007. As discovery progressed in Gillard's suit against the governing Board of Trustees, the defendant's counsel repeatedly tried to schedule Gillard's deposition but found that she was difficult to pin down. Gillard cancelled twice, and defense counsel eventually procured a court order compelling her to appear and even gave her bus money to get to his office. When Gillard arrived she then demanded that defense counsel give her a written list of the questions he intended to ask. Counsel declined, but Gillard insisted that the Americans with Disabilities Act required this "accommodation" and refused to participate until given his questions. Counsel offered to call the district judge to resolve the dispute, but Gillard would not wait; four minutes after the scheduled starting time, she had already walked out the door.

In response to the defendant's motion for sanctions, the district court dismissed Gillard's suit under Federal Rule of Civil Procedure 37(b)(2)(A)(v). The court found that Gillard's decision to leave the deposition without waiting for defense counsel to contact the court was intended "to frustrate the ends of justice." And this was not an isolated incident, the court continued. Noting the travails to which Gillard had subjected the Board of Trustees even before she walked out of her deposition, the court lamented that she "has done all in her power to cause frustration to the defense."

Gillard makes no argument that the district court's choice of sanction was an abuse of discretion. Nor could she, for her case is indistinguishable from *Collins v. Illinois*, 554 F.3d 693 (7th Cir. 2009). Like Gillard the pro se plaintiff in *Collins* arrived at her deposition armed with unusual demands and then stormed out even as the defendants offered to telephone a magistrate judge to discuss the dispute. 554 F.3d at 695. The district court found that the plaintiff had willfully refused to be deposed because she offered no legitimate reason why she declined to stick around while the defendants sought a resolution. *Id.* We held that under the circumstances the court's sanction of dismissal was reasonable. *Id.* at 696; see also *Lindstedt v. City of Granby*, 238 F.3d 933, 934-35, 937 (8th Cir. 2000). And there is no reason why the outcome should be any different in this case. We can overlook Gillard's frivolous assertion that she was entitled to review the deposition questions; her fatal mistake was rebuffing defense counsel's plea to remain at his office just a few minutes longer so he could

get a ruling on her demand from the district court. We see no error in the court's finding that her abrupt departure was designed to frustrate the Board of Trustees' defense of her lawsuit. And because she acted in bad faith, the court was well within its discretion to dismiss the case.

Just six weeks ago we instructed Gillard to stop peppering this court with frivolous appeals. See *Gillard v. Proven Methods Seminars, LLC*, No. 10-1853, 2010 WL 2977597, at *2 (7th Cir. July 29, 2010). Today we remind her that litigants who abuse the judicial process face sanctions and restrictions on future suits. See *Support Sys. Int'l, Inc. v. Mack*, 45 F.3d 185, 186 (7th Cir. 1995).

AFFIRMED.