**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 09-3806
_____

MICHAEL E. SILUK, JR.,

Appellant

v.

JEFFREY A. BEARD, Secretary of the
Pennsylvania Department of Corrections

Pursuant to Fed. R. App. P. 23 and 43(b)


On Petition for Review of a Judgment of the United States District Court
for the Middle District of Pennsylvania
(Civ. No. 4:07-00605)
District Judge:  Hon. James F. McClure, Jr.

Submitted Under Third Circuit LAR 34.1(a)
September 24, 2010

Before: MCKEE, AMBRO, and CHAGARES, Circuit Judges.

Filed: September 24, 2010

_____

OPINION
_____

CHAGARES, Circuit Judge.

Michael E. Siluk, Jr., appeals a judgment of the District Court denying his petition

for a writ of habeas corpus.  For the reasons set forth below, we will affirm.

I.

Because we write solely for the benefit of the parties, we will only briefly summarize the essential facts.

On November 7, 2002, a jury before the Dauphin County Court of Common Pleas found Siluk guilty of four counts of rape, two counts each of aggravated indecent assault, robbery, and simple assault, and one count each of aggravated assault, sexual assault, and involuntary deviate sexual intercourse.  These convictions arose out of a series of assaults on prostitutes that Siluk committed in 2001.

Some months prior to trial, Maria Houseworth, one of the complaining witnesses, testified against Siluk at a Preliminary Hearing.  The prosecution sought to have Houseworth testify again at trial, but was unable to locate her.  As trial approached, the prosecution engaged the assistance of several law enforcement agencies in an attempt to determine her whereabouts.  Houseworth was finally discovered approximately one week before trial, recovering from a gunshot wound to the leg in a Florida hospital.  Though equipped with Pennsylvania warrants for Houseworth's arrest, Florida law enforcement agents refused to take her into custody because of her unstable medical condition.

Very shortly thereafter, the prosecution received a letter from Houseworth's physician indicating that, though Houseworth had been discharged from the hospital on October 21, 2002, her medical condition precluded her from traveling in order to testify at

2

Siluk's trial. Based on this letter, defense counsel stipulated to Houseworth's unavailability to testify at trial. In accordance with that stipulation, the trial court found Houseworth to be unavailable to appear as a witness and permitted the prosecution to read Houseworth's former testimony from the preliminary hearing to the jury.

At the conclusion of the trial, Siluk was convicted of thirteen of the fifteen counts with which he had been charged. The trial court subsequently sentenced him to a term of imprisonment of fifty-one years and nine months to 105 years. On March 21, 2003, Siluk appealed his sentence to the Superior Court of Pennsylvania, which affirmed the judgment, and on October 13, 2004, the Pennsylvania Supreme Court denied his petition for allowance of appeal.

With the assistance of post-conviction counsel, Siluk filed a timely petition for relief under Pennsylvania's Post-Conviction Relief Act ("PCRA"), 42 Pa. C.S.A. §§ 9541, et. seq, in which he raised ineffective assistance of counsel claims based on trial counsel's failures to (1) preserve objections, (2) conduct an adequate pretrial investigation, and (3) object to the form of the jury instructions. On December 21, 2005, Siluk's post-conviction counsel filed a "no merit letter" asking for permission to withdraw. She was allowed to do so on January 9, 2006.

On January 24, 2006, Siluk filed an amended PCRA petition pro se, setting forth a panoply of grounds for relief. One week later, the Court of Common Pleas dismissed the petition as meritless. Siluk appealed this decision to the Superior Court, raising five

3

grounds for relief, which included a claim for ineffective assistance of counsel. He divided the ineffective assistance of counsel claim into a number of subparts, one of which was premised on trial counsel's stipulation to Houseworth's unavailability to appear as a witness. He also alleged that the trial court had denied his Sixth Amendment right of confrontation by permitting the prosecution to read Houseworth's preliminary hearing testimony to the jury.[1] On March 6, 2007, the Superior Court affirmed the dismissal of Siluk's PCRA petition, finding that, because Siluk had disregarded the Pennsylvania Rules of Appellate Procedure, he had procedurally defaulted all of his claims.[2]

On March 30, 2007, Siluk filed the present habeas corpus petition, which the District Court denied. Thereafter, this court granted Siluk a certificate of appealability as to two claims: (1) whether the trial court deprived Siluk of his right of confrontation under the Sixth Amendment when it admitted Houseworth's preliminary hearing testimony, and (2) whether trial counsel provided ineffective assistance by stipulating to Houseworth's unavailability to appear as a witness at trial. For each claim, this court

---

[1]The document purportedly demonstrating that Siluk's Sixth Amendment right to confrontation claim was fairly presented to the state court is illegible. See Appendix Volume II ("App. II"), 21. Thus, it is not entirely clear that this claim was exhausted. Nonetheless, because we find this claim to be procedurally defaulted, we reach the same outcome whether or not the claim was exhausted.

[2]While under normal circumstances Siluk would have had to lodge a discretionary appeal to the state's highest court in order to fully exhaust his claims, Order No. 218 of the Supreme Court of Pennsylvania renders review in that court unavailable for purposes of exhausting state court remedies under 28 U.S.C. § 2254. Lambert v. Blackwell, 387 F.3d 210, 233-234 (3d Cir. 2004).

instructed the parties to address whether Siluk had fully exhausted his state remedies,

whether the claim had been procedurally defaulted, and if procedurally defaulted, whether

there is any basis upon which to excuse the procedural default.

## II.

The District Court had jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331,

2254. We have jurisdiction over this appeal pursuant to 28 U.S.C. §§ 1291, 2253.

Because the District Court ruled on Siluk's habeas corpus petition without

conducting an evidentiary hearing, our review of the District Court's decision is plenary.

Jacobs v. Horn, 395 F.3d 92, 99 (3d Cir. 2005).

## III.

We will not reach the merits of Siluk's federal claims because they were

procedurally defaulted in state court and Siluk has failed to demonstrate cause to excuse

the default.[3]

The doctrine of procedural default bars federal habeas review when the state court

has declined to address a prisoner's federal claims because the prisoner failed to satisfy a

state procedural requirement. Coleman v. Thompson, 501 U.S. 722, 729-30 (1991);

---

[3]Because Siluk has defaulted his federal claims in state court, he meets the technical requirements for exhaustion in that there are no state remedies any longer available to him. See Coleman, 501 U.S. at 732 (citing 28 U.S.C. § 2254(b); Engle v. Isaac, 456 U.S. 107, 125-26 n.8 (1982)).

Taylor v. Horn, 504 F.3d 416, 427 (3d Cir. 2007).  In such a case, "the state judgment rests on independent and adequate state procedural grounds," Coleman, 501 U.S. at 730 (citations omitted), and a federal court is generally not at liberty to review the judgment.

As is the case when a prisoner fails to exhaust his state remedies prior to filing a federal habeas petition, a "habeas petitioner who has failed to meet the State's procedural requirements for presenting his federal claims has deprived the state courts of an opportunity to address those claims in the first instance." Id. at 732.  Accordingly, out of concerns of comity and federalism,[4] we "require a prisoner to demonstrate cause for his state-court default of *any* federal claim, and prejudice therefrom, before the federal habeas court will consider the merits of that claim." Edwards v. Carpenter, 529 U.S. 446, 451 (2000) (citation omitted) (emphasis in original).  A habeas petitioner is exempted from the requirement that he make a showing of cause and prejudice only in the circumstance, not at issue here, "in which he can demonstrate a sufficient probability that failure to review his federal claim will result in a fundamental miscarriage of justice." Id.

---

[4]"In the habeas context, the application of the independent and adequate state ground doctrine is grounded in concerns of comity and federalism. Without the rule, a federal district court would be able to do in habeas what this Court could not do on direct review; habeas would offer state prisoners whose custody was supported by independent and adequate state grounds an end run around the limits of this Court's jurisdiction and a means to undermine the State's interest in enforcing its laws." Coleman, 501 U.S. at 730.

On the record before us, it appears that the two claims for which we granted appeal were presented to the state court by Siluk's pro se PCRA petition, which the Superior Court dismissed in its entirety for failure to comply with the Pennsylvania Rules of Appellate Procedure. In an attempt to demonstrate that cause exists to excuse his failure to satisfy the state's procedural requirements, Siluk asserts only that he did not anticipate his post-conviction counsel's decision to withdraw; he was forced to proceed with his PCRA petition pro se; and he, therefore, "had little or no chance of complying with the Rules in the format of his appeal." Siluk's Reply Br., 9. But while courts have a special obligation to construe the pleadings of pro se litigants liberally, Giles v. Kearney, 571 F.3d 318, 322 (3d Cir. 2009), the right of self-representation does not exempt a party from compliance with relevant rules of procedural law. See Hedges v. United States, 404 F.3d 744, 753 (3d Cir. 2005) (internal quotations omitted) ("While we have insisted that the pleadings prepared by prisoners who do not have access to counsel be liberally construed, and have held that some procedural rules must give way because of the unique circumstance of incarceration, we have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel."); see also Collins v. Illinois, 554 F.3d 693, 697 (7th Cir. 2009) ("As we have repeatedly held, even pro se litigants must follow procedural rules...."). We must therefore conclude that Siluk's pro se status, without more, cannot constitute cause sufficient to excuse the

procedural default of his federal claims in state court. Accordingly, we may not consider the merits of his petition.[5]

IV.

For these reasons, we will affirm the judgment of the District Court denying Siluk's petition for a writ of habeas corpus.

---

[5]The District Court rejected Siluk's ineffective assistance of counsel claim on the merits, first finding it to have been exhausted. While this claim was indeed exhausted, it was also procedurally defaulted and, therefore, we will not address it on the merits.