**DLD-005** **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-3582
_____

IN RE:  MICHAEL E. SILUK, JR.,
                                                    Petitioner

_____

On a Petition for Writ of Mandamus
_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
October 10, 2013

Before: SMITH, HARDIMAN and VAN ANTWERPEN, <u>Circuit</u> <u>Judges</u>

(Opinion filed: October 21, 2013)
_____

OPINION
_____

PER CURIAM

Michael Siluk, Jr. has filed a pro se petition for a writ of mandamus asking us to

vacate our prior order denying his application pursuant to 28 U.S.C. § 2244 to file a

second or successive habeas petition under 28 U.S.C. § 2254.  For the following reasons,

we will deny the mandamus petition.

In 2002, Siluk was convicted in Pennsylvania of robbery, rape, and related

offenses.  After unsuccessfully pursuing both a direct appeal and a state post-conviction

petition, he filed a habeas petition pursuant to 28 U.S.C. § 2254, in which he raised 25

claims of ineffective assistance. We granted a certificate of appealability with respect to two of his claims but ultimately determined that those claims had been procedurally defaulted. See Siluk v. Beard, 395 F. App'x 817 (3d Cir. Sept. 24, 2010). Siluk subsequently filed two applications to file a second or successive habeas petition, both of which we denied. See In re Siluk, C.A. No. 12-1389 (order entered Mar. 14, 2012); In re Siluk, C.A. No. 13-1827 (order entered May 17, 2013). He has now filed a petition for a writ of mandamus seeking for us to vacate our order in C.A. No. 12-1389 and allow him to file his second habeas petition. Specifically, Siluk alleges that his proposed petition is timely in light of the Supreme Court's recent decision in McQuiggin v. Perkins, 133 S. Ct. 1924, 1931 (2013), which held that a claim of actual innocence, if proven, may provide a gateway for federal habeas review of untimely claims.

A writ of mandamus is a drastic remedy available only in extraordinary circumstances. See In re Diet Drugs Prods. Liab. Litig., 418 F.3d 372, 378 (3d Cir. 2005). A petitioner seeking mandamus relief must demonstrate that "(1) no other adequate means exist to attain the relief he desires, (2) the party's right to issuance of the writ is clear and indisputable, and (3) the writ is appropriate under the circumstances." Hollingsworth v. Perry, 558 U.S. 183, 190 (2010) (per curiam) (quotation marks omitted). Siluk has not even attempted to demonstrate that he meets these requirements. In any event, we cannot issue a writ of mandamus to this Court. Cf. United States v. Christian, 660 F.2d 892, 893 (3d Cir. 1981) (noting that federal appellate courts have traditionally issued the writ against the district courts). Accordingly, we will deny Siluk's petition for a writ of mandamus.

2