NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted October 23, 2015[*]
Decided October 23, 2015

**Before**

MICHAEL S. KANNE, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

No. 15-1360

| | |
|---|---|
| ROBERT SCHINDLER, | Appeal from the United States District |
| *Plaintiff-Appellant,* | Court for the Northern District of |
| | Illinois, Eastern Division. |
| *v.* | |
| | No. 14 C 880 |
| ADVOCATE HEALTHCARE, *et al.,* | |
| *Defendants-Appellees.* | Sharon Johnson Coleman |
| | *Judge.* |

**O R D E R**

Robert Schindler, a former patient transporter at Advocate Lutheran General Hospital, appeals the dismissal of his civil-rights suit for failure to prosecute. The district court had dismissed his complaint after he failed to appear for five of the eight hearings

---

[*] After examining the briefs and record, we have concluded that oral argument is unnecessary. Thus the appeal is submitted on the briefs and record. *See* FED. R. APP. P. 34(a)(2)(C).

held in the case and failed to meet a court-imposed deadline for responding to defendants' various motions to dismiss. We affirm.

In February 2014 Schindler filed this suit under 42 U.S.C. § 1983 alleging violations of his constitutional rights in connection with an ongoing criminal case brought against him in state court. He had been arrested two years earlier at the hospital and charged with sending harassing emails and defacing property; two days after his arrest, he was fired. He brought a host of claims—false arrest, false imprisonment, and malicious prosecution in violation of the Illinois and United States Constitutions, and employment discrimination and wrongful termination in violation of the Americans with Disabilities Act, 42 U.S.C. §§ 12132, 12182, and 12203. He named 15 defendants—among them Advocate Lutheran General Hospital, the Park Ridge Police Department, the Illinois State's Attorney's Office, two Public Defenders, two private attorneys, and two Cook County judges.

After filing his complaint, Schindler failed to appear at five of the eight hearings in the district court. He appeared at the first status hearing on April 21, but missed the next hearing on April 28 (one that had been scheduled to address his motion to reconsider recruitment of counsel). He appeared at hearings on May 8 and June 12, but missed the next one on July 10 (to address, in part, his motions for default judgment). He failed to appear at the hearing on July 24, after which the court in a minute entry set the next hearing for September 5 and warned him: "If plaintiff fails to appear at the next status, this case will be dismissed for want of prosecution." Schindler failed to appear at that hearing on September 5, as well as a motions hearing that had been previously set for August 21.

In the meantime Schindler also failed to respond by the court-ordered deadline to five of defendants' six motions to dismiss. He had responded timely only to the City of Park Ridge's motion to dismiss; he ignored the remaining motions, even after the court had extended his deadline to respond by another month. On September 2, two days before that extended deadline lapsed, Schindler again sought an extension and asked that counsel be recruited to assist him.

At a status hearing on September 5, the judge in a minute order dismissed the action for want of prosecution because Schindler "has again failed to appear." *See* FED. R. CIV. P. 41(b).

On appeal Schindler generally challenges the dismissal of his suit for failure to prosecute. He argues that he did not receive unspecified court documents or notices due to mail delivery problems and that his absences should be excused.

The district court did not abuse its discretion in dismissing his suit for failure to prosecute. Schindler accumulated a clear record of delay or contumacious conduct—missing 5 of 8 hearings and responding to only 1 out of 5 motions to dismiss. The court had imposed other less drastic sanctions, such as striking motions when Schindler failed to appear. These steps failed to move the case along. The court also gave Schindler an adequate warning shot: after he had missed a hearing for the third time, the court explicitly warned him that failure to appear at the next hearing would result in dismissal. *See Kasalo v. Harris & Harris, Ltd.*, 656 F.3d 557, 562 (7th Cir. 2011).

Schindler's alleged lack of notice excuse does not save him. The district court mailed notice of each minute entry, so we presume that it was delivered. *See Laouini v. CLM Freight Lines, Inc.*, 586 F.3d 473, 476 (7th Cir. 2009) ("[I]t is well-established that evidence of proper mailing raises a rebuttable presumption of delivery."). Schindler does not specify what documents he did not receive or provide any evidence to corroborate his claim that certain documents did not arrive. *See Derezinski v. Mukasey*, 516 F.3d 619, 622 (7th Cir. 2008). Litigants are responsible for maintaining communication with the court and monitoring the status of their lawsuit, and Schindler should have checked in with the court if he had concerns about his mail delivery. *Easley v. Kirmsee*, 382 F.3d 693, 697–98 (7th Cir. 2004); *Soliman v. Johanns*, 412 F.3d 920, 922 (8th Cir. 2005).

Schindler also suggests that his neglect is excused by his legal blindness, a condition that, he says, affects his ability to type long documents and reach court early in the morning by public transportation. But Schindler's visual impairment does not excuse his neglect. He does not contend that he actually missed any hearings due to his condition, or that he sought accommodations such as a hearing time scheduled later in the day or the opportunity to participate in a hearing by phone. *See Harrington v. City of Chicago*, 433 F.3d 542, 547–48 (7th Cir. 2006) (upholding dismissal due to neglect where counsel did not inform the court of deaths in the family and seek accommodation).

Schindler might have explained his circumstances in a motion to reconsider or to vacate the dismissal, thereby giving the district court the opportunity to assess his arguments. *See* FED. R. CIV. P. 59(e), 60; *McInnis v. Duncan*, 697 F.3d 661, 664–65 (7th Cir. 2012); *see also Link v. Wabash R.R. Co.*, 370 U.S. 626, 632 (1962). But having failed to do so,

there is no basis for us to conclude that district court abused its discretion in dismissing the case. *See McInnis*, 697 F.3d at 664–65.

Schindler also argues that the district court wrongly denied his requests for recruitment of counsel. He had asked the court to recruit counsel upon filing his complaint. The court apparently never ruled on the request, though Schindler's subsequent requests to reconsider were respectively stricken, denied without prejudice, and denied as moot without further explanation. Schindler maintains that he needed a lawyer because his case is complex, originates from a delayed and unresolved criminal case against him, and his capabilities are limited by his visual impairment.

The district court's implicit denials of Schindler's requests may have been error, *Pruitt v. Mote*, 503 F.3d 647, 659 n.14, 660 (7th Cir. 2007) (en banc), but any error was harmless because he cannot show that he was prejudiced. *See Romanelli v. Suliene*, 615 F.3d 847, 852 (7th Cir. 2010); *Pruitt*, 503 F.3d at 659. His case was dismissed only after he repeatedly missed hearings and deadlines; adhering to court directions does not require specialized knowledge of counsel.

We have considered Schindler's remaining arguments and none has merit.

AFFIRMED.