**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted May 6, 2016[*]
Decided May 6, 2016

**Before**

JOEL M. FLAUM, *Circuit Judge*

DANIEL A. MANION, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

No. 15-2560

| | |
|---|---|
| ROBERT SCHINDLER, | Appeal from the United States District |
| *Plaintiff-Appellant*, | Court for the Northern District of Illinois, Eastern Division. |
| *v.* | |
| | No. 14 C 4392 |
| RENAISSANCE HOTEL MANAGEMENT COMPANY, LLC, | Rebecca R. Pallmeyer, |
| *Defendant-Appellee*. | *Judge*. |

**O R D E R**

Robert Schindler appeals the dismissal of his suit under the Americans with Disabilities Act, *see* 42 U.S.C. § 12112(a), for failing to comply with discovery orders. We affirm.

---

[*] After examining the briefs and record, we have concluded that oral argument is unnecessary. Thus the appeal is submitted on the briefs and record. *See* FED. R. APP. P. 34(a)(2)(C).

This litigation has been protracted. In June 2014, Schindler, proceeding pro se, filed a complaint alleging that his former employer, Renaissance Hotel Management Company, fired him because he is blind, in violation of the ADA. Schindler then failed to appear at scheduled hearings. In December 2014 the district court directed Schindler to appear at a hearing the next month and warned that failure to do so could result in dismissal. When Schindler missed that hearing, the court dismissed the case without prejudice. The case was reinstated the next month at Schindler's request.

The court then ordered the parties to meet to prepare a planning report, but Schindler refused to communicate with Renaissance, telling the court that he feared opposing counsel based on unspecified negative experiences in unrelated lawsuits. The court directed him to cooperate with opposing counsel, reminding him that "he initiated this lawsuit and is expected to cooperate with discovery and appear in court as ordered." Schindler, however, never participated in a planning meeting and failed to appear at a status hearing with the magistrate judge.

Schindler's intransigence continued. He ignored a request to respond to interrogatories and turn over documents, causing the district court to direct Schindler to respond "promptly" to the company's discovery requests. After further delays, the company filed a motion to compel. Schindler failed to attend the hearing on the motion. Noting Schindler's "past litigation experience" and "obvious intelligence," the court granted the motion to compel and ordered Schindler to comply with the outstanding requests within 14 days. The court warned that Schindler's "failure to comply . . . will result in dismissal."

Two weeks later, Schindler asked to stay the proceedings and requested an attorney, stating that he needed more time because he was blind and could not access case materials that had been boxed up in a recent move. The district court denied both of Schindler's requests and dismissed the case. The court explained that Schindler was familiar with civil proceedings, had submitted well-written pleadings and motions, yet refused to respond to written discovery requests—despite "repeated specific directions and orders" and a warning that continued refusal would result in dismissal. A week later Schindler appealed.

Schindler generally challenges the dismissal of his suit, emphasizing that complying with discovery is an "extreme burden" due to his poor eyesight, pro se status, time commitments, and the inaccessibility of his case materials stored in moving boxes. But these circumstances do not excuse Schindler's repeated disregard of court

deadlines and orders. Even after his case was dismissed for failing to appear at hearings, Schindler continued to miss scheduled hearings, refused to answer interrogatories, and ignored the court's directives to cooperate with opposing counsel and comply with discovery deadlines. *See Brown v. Columbia Sussex Corp.*, 664 F.3d 182, 191–92 (7th Cir. 2011); *Collins v. Illinois*, 554 F.3d 693, 697 (7th Cir. 2009). Even pro se litigants "must follow court rules and directives." *McInnis v. Duncan*, 697 F.3d 661, 665 (7th Cir. 2012); *see also Collins*, 554 F.3d at 697. Although the district court did not make an explicit finding of fault or willfulness for dismissal under Federal Rule of Civil Procedure 37(b), such a finding can be inferred from the court's order. *See Aura Lamp & Lighting Inc. v. Int'l Trading Corp.*, 325 F.3d 903, 909–10 (7th Cir. 2003). Thus the district court did not abuse its discretion in dismissing Schindler's suit. *See* FED. R. CIV. P. 37(b).

Schindler also challenges the district court's refusal to recruit counsel, maintaining that he lacks the legal training to respond to interrogatories. The issue, however, is not whether a lawyer would be more effective, but whether the plaintiff is competent to litigate his particular case. *See Romanelli v. Suliene*, 615 F.3d 847, 854 (7th Cir. 2010); *Pruitt v. Mote*, 503 F.3d 647, 655 (7th Cir. 2007) (en banc). The district court acted well within its discretion in determining from Schindler's pleadings, motions, and general correspondence that he was capable of responding to the company's interrogatories and request for documents.

This is the second time that we have upheld the dismissal of an employment-discrimination suit brought by Schindler for failing to appear for hearings and respond to the opposing party's motions. *See Schindler v. Advocate Healthcare*, 619 F. App'x 516, 517 (7th Cir. 2015). We since have denied two meritless petitions that Schindler filed for a writ of mandamus. *See In re Schindler*, No. 16-1453 (7th Cir. Mar. 16, 2016); *In re Schindler*, No. 15-2917 (7th Cir. Sept. 29, 2015). This kind of litigation wastes the court's time and may "deprive litigants with real disputes who raise potentially meritorious arguments of an opportunity to be heard in a timely manner." *United States v. Ins. Consultants of Knox, Inc.*, 187 F.3d 755, 762 (7th Cir. 1999). Accordingly, we warn Schindler that the pursuit of additional frivolous litigation in this court may subject him to monetary sanctions. *See* FED. R. APP. P. 38; *Grove Fresh Distrib., Inc. v. John Labatt, Ltd.*, 299 F.3d 635, 642 (7th Cir. 2002).

AFFIRMED.