**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted January 14, 2019[*]
Decided January 15, 2019

**Before**

FRANK H. EASTERBROOK, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 18-1677

| | |
|---|---|
| CHARLES MOJAPELO, <br> *Plaintiff-Appellant,* | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| *v.* | No. 16 C 6069 |
| NATIONAL RAILROAD PASSENGER CORPORATION, d/b/a AMTRAK, <br> *Defendant-Appellee.* | Jorge L. Alonso, <br> *Judge.* |

**O R D E R**

Charles Mojapelo injured his leg while disembarking from a train operated by the National Railroad Passenger Corporation (Amtrak). He sued Amtrak for compensatory and punitive damages on theories of negligence and infliction of emotional distress. After Amtrak removed the case to federal court, Mojapelo did not, for a year, make his mandatory initial disclosures or respond to discovery requests, and he refused to attend his deposition. He also missed four court hearings and failed to

---

[*] We have agreed to decide this case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. *See* FED. R. APP. P. 34(a)(2)(C).

abide by court-mandated settlement procedures. On Amtrak's motion, the district court dismissed his case with prejudice as a sanction, and we affirm the judgment.

While exiting an Amtrak train at the Bloomington-Normal station in Illinois, Mojapelo slipped and fell. His leg became pinned in the gap between the train and the platform. After Mojapelo extracted his leg, doctors at a local hospital treated his wounds. Mojapelo then sued Amtrak in the Circuit Court of Cook County, alleging that Amtrak was responsible for his injuries. Amtrak removed the lawsuit to federal court in the Northern District of Illinois, invoking jurisdiction under 28 U.S.C. § 1332.

Mojapelo filed a motion to transfer the case to the Central District of Illinois, arguing that the Northern District was inconvenient because he lived about 150 miles away. *See* 28 U.S.C. § 1404(a). The court orally denied the motion at a hearing, but a transcript of that proceeding is not in the record on appeal.

Meanwhile, Mojapelo made several missteps during the discovery phase of litigation. He missed the court-ordered deadline to provide mandatory disclosures under Federal Rule of Civil Procedure 26(a)(1). And he did not respond to Amtrak's interrogatories or its request to produce documents. In response, Amtrak's attorney emailed Mojapelo, informing him that if he did not send the requested materials, the attorney would be "forced to file a motion with the court to compel [his] answers and/or dismiss [the] lawsuit." Mojapelo still did not comply, nor did he request a protective order to excuse him from doing so. He also skipped two status hearings and appeared at a third only because the court explicitly warned him that if he did not come to it, the court would dismiss the case for want of prosecution. After the district court transferred the case to a magistrate judge for settlement, Mojapelo missed two more status hearings and failed to submit a mandatory settlement demand, so the magistrate judge cancelled the scheduled settlement conference. Amtrak then gave Mojapelo notice that it would take his deposition and made multiple attempts to reach him to ensure that he would appear, but Mojapelo was a no-show.

Accordingly, Amtrak moved for sanctions under Federal Rule of Civil Procedure 37 and requested that the court dismiss the case. Amtrak argued that Mojapelo's consistent failures to cooperate with discovery and comply with court orders were entirely his fault, and that severe sanctions were needed. Mojapelo protested, arguing that he had not received some of the court's mailings, that he attempted to settle the case outside of court even without the required settlement demand, and that he could not attend the deposition because he was dealing with another legal matter. Then, more

than a year too late, Mojapelo partially responded to the discovery requests and submitted incomplete disclosures under Rule 26(a)(1).

The district court granted Amtrak's motion and dismissed the case, citing both Federal Rules of Civil Procedure 37 and 41(b). Rule 37 allows a court to sanction a party for discovery noncompliance caused by "willfulness, bad faith or fault," while Rule 41(b) authorizes sanctions, upon a party's motion, based on a "clear record of delay or contumacious conduct*." Brown v. Columbia Sussex Corp.*, 664 F.3d 182, 190 (7th Cir. 2011) (internal quotations omitted). Pointing to Mojapelo's history of missing court dates, discovery deadlines, and his failure to attend his deposition, the court concluded that Mojapelo was at "fault" for his missteps and that there was a "clear record of delay or contumacious conduct." The court, moreover, found Mojapelo's explanations for his noncompliance unpersuasive, calling them "lame excuses" under *Fischer v. Cingular Wireless, LLC*, 446 F.3d 663, 666 (7th Cir. 2006). Pointing out that both the court and Amtrak's counsel had warned Mojapelo that dismissal was possible, the court granted Amtrak's motion and dismissed the case. We review that decision for an abuse of discretion. *See King v. Ford Motor Co.*, 872 F.3d 833, 838 (7th Cir. 2017).

We will consider the district court's sanction primarily through the lens of Rule 37 because that is the basis upon which Amtrak requested dismissal. Amtrak did not invoke Rule 41(b), which, though cited by the district court, authorizes a defendant to file a motion, not a court to act *sua sponte*. (Of course, without regard to Rule 41(b), a district court retains its inherent authority to dismiss for failure to prosecute. *See Link v. Wabash R. Co.*, 370 U.S. 626, 630 (1962).)

On appeal, Mojapelo first insists that the court abused its discretion when imposing sanctions because Mojapelo did not have adequate notice that dismissal was possible. Specifically, he contends that he was blindsided because Amtrak did not move to compel discovery before moving for discovery sanctions. Though a motion to compel usually precedes the imposition of sanctions under Rule 37, one is not always necessary. *Tamari v. Bache & Co. (Lebanon) S.A.L.*, 729 F.2d 469, 472 (7th Cir. 1984). Instead, if a party receives notice that certain discovery proceedings are to occur by a specific date, and then refuses to comply, a court may impose sanctions. *Id*. Here, the court told Mojapelo that he was required to make mandatory initial disclosures under Rule 26(a)(1). Further, Amtrak informed Mojapelo that he needed to respond to interrogatories and a request for documents, as well as attend his deposition, and that it would "file a motion with the court to … dismiss [the] lawsuit" if he refused to comply. Moreover, the discovery rules themselves set forth the 30-day window for responding to discovery requests. *See*

FED. R. CIV. P. 33(b)(2), 34(b)(2). True, we encourage advance warning to be given to a plaintiff before involuntary dismissal. *See Brown*, 664 F.3d at 192. But an explicit warning is not "absolutely necessary," and it need not come from the court. *Id*. Mojapelo was on notice that his failure to make initial disclosures, answer discovery requests, or be deposed were grounds for possible dismissal.

Second, Mojapelo contends that the district court abused its discretion by disregarding his explanations for ignoring Amtrak's discovery requests and for missing his deposition. But the court did not abuse its discretion in finding Mojapelo at "fault" within the meaning of Rule 37: engaging in "objectively unreasonable behavior," rather than "a mere mistake or slight error in judgment." *Long v. Steepro*, 213 F.3d 983, 987 (7th Cir. 2000). Mojapelo failed to timely make the most basic initial disclosures or comply with Amtrak's interrogatories and request for documents, even after Amtrak's counsel repeatedly asked Mojapelo for the materials and warned Mojapelo that she would move to dismiss his case if the documents were not received. *See Brown*, 664 F.3d at 191–92. And Mojapelo gave no explanation for his refusal to submit disclosures or respond to Amtrak. Moreover, refusing to attend a deposition can also be evidence of fault if the party does not give a legitimate reason, especially after failing to timely respond to interrogatories or supply requested documents. *See Collins v. Illinois*, 554 F.3d 693, 696–97 (7th Cir. 2009). The district court did not abuse its discretion in determining that Mojapelo's excuse for not appearing at his deposition was thin, especially since Mojapelo could have rescheduled the deposition ahead of time if he knew of a scheduling conflict.

To the extent that Mojapelo repeats his excuses as a means of arguing that the case-ending sanction was disproportionate, we disagree. We require district courts to impose a sanction that is proportional to the wrongdoing. *Collins*, 554 F.3d at 696. But district courts need not impose the least severe sanction. *In re Golant*, 239 F.3d 931, 937 (7th Cir. 2001). Dismissal may be appropriate after a party makes more than just one discovery error and gives no reasonable explanation for missing deadlines or responding to interrogatories. *Brown*, 664 F.3d at 191–92; *Ladien v. Astrachan*, 128 F.3d 1051, 1057 (7th Cir. 1997). Mojapelo's only excuse for failing to meet several deadlines was that he later tried to comply. It is within the district court's discretion to decide that eventual compliance (or, as in this case, partial compliance) does not excuse earlier failures. *See Salgado by Salgado v. Gen. Motors Corp.*, 150 F.3d 735, 741–42 (7th Cir. 1998). Similarly, dismissal may be appropriate when a party refuses to be deposed for no legitimate reason. *Collins*, 554 F.3d at 696; FED. R. CIV. P. 37(d). Mojapelo did not cancel his deposition before he was a no-show, and his hollow explanation that he was busy in

Chicago with another matter does not excuse his failure. The district court did not abuse its discretion in dismissing this case as a sanction.

Finally, Mojapelo contends that the court erred by denying his motion to transfer the case to the Central District of Illinois. The Central District was proper, he contends, because his residence, the accident site, and his treating hospital are located there. Amtrak responds that Mojapelo waived this argument because he did not mention the ruling in his notice of appeal. But Amtrak is wrong—Mojapelo's appeal from a final judgment brings up for review all previous orders entered in the district court case. *Alejo v. Heller*, 328 F.3d 930, 935 (7th Cir. 2003). Nevertheless, Mojapelo has not provided us with a transcript of the hearing in which the court explained its reasons for denying his motion, so we cannot meaningfully review that decision. *See Hicks v. Avery Drei, LLC*, 654 F.3d 739, 743–44 (7th Cir. 2011); FED. R. APP. P. 10(b). Furthermore, Mojapelo originally brought this lawsuit in Chicago; the defendants cannot have prejudicially inconvenienced him by removing the case to a courthouse a few blocks away.

We have considered the remaining arguments, but none has merit.

AFFIRMED