**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted November 2, 2020[*]
Decided November 5, 2020

*Before*

FRANK H. EASTERBROOK, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

Nos. 19-2728, 19-3140, & 20-1174

| | |
|---|---|
| ABDUL AZEEM MOHAMMED, *Plaintiff-Appellant*, | Appeals from the United States District Court for the Northern District of Illinois, Eastern Division. |
| *v.* | No. 18 C 8393 |
| ERIN ANDERSON, *et al.*, *Defendants-Appellees*. | Gary Feinerman, *Judge*. |

**O R D E R**

Abdul Mohammed appeals the district court's dismissal of his lawsuit against the Naperville Community School District and two of its employees. The district court dismissed the case with prejudice pursuant to its inherent sanctioning authority because of Mohammed's persistent misconduct toward the defendants and their counsel.

---

[*] We have agreed to decide the case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

Mohammed also appeals the denial of his motion to vacate the dismissal under Federal Rule of Civil Procedure 60(b) and the amount of the defendants' attorneys' fees the district court ordered him to pay. Because the district court properly exercised its discretion with respect to each of these decisions, we affirm.

Mohammed brought a pro se complaint in state court against the school district and two employees who work at the school his children attend. He alleged that the individual defendants violated his constitutional rights and various federal and state laws by reporting to the Illinois Department of Children and Family Services their suspicions that Mohammed abused his children and beat and raped his wife. The defendants removed the case to federal court in December 2018 and then moved to dismiss the claim. While the motion to dismiss was pending, the court instructed the parties to engage in preliminary discovery, and the defendants served Mohammed with the responses required by the district's Mandatory Initial Discovery Pilot Project. After Mohammed failed to produce his own, the district court granted the defendants' motion to compel and encouraged Mohammed to seek assistance from the court's program for pro se litigants.

In March 2019, Mohammed started to exhibit the bizarre behavior that ultimately led to the dismissal of his lawsuit. The order dismissing the case sets forth in detail Mohammed's actions toward opposing counsel and the defendants over five months. We will not recapitulate all of Mohammed's inappropriate communications and behavior but highlight some examples: He sent opposing counsel an email with the subject line "The Depo From Hell: With Chaos, Blood and Violence," a link to a YouTube video of the same name, and wrote "I don't know why but I get a kick when I watch this video." He sent another email to opposing counsel that stated "Low Life reply to this email in next 5 minutes or else I will call your office. Reply to my emails in a timely manner. I own you." The same day, he called opposing counsel's office fifteen times in eleven minutes. He also called opposing counsel a "milksop," "sissy," "namby-pamby," and a "coward" and a "wimp" who "hid[es] behind females."

After months of this, the defendants moved for sanctions, and the district court ordered Mohammed to explain why the court should not invoke its inherent authority to dismiss his case with prejudice. Mohammed responded that he had not exhibited any inappropriate behavior during the litigation and, even if he had, it was in response to the defendants' intentional provocation, so his behavior was not willful. The district court twice granted Mohammed's requests to file supplemental briefing, in which he

argued that his communications were protected from sanctions by the First Amendment. The court also allowed Mohammed to address his behavior at a hearing.

The district court dismissed the case with prejudice pursuant to its inherent sanctioning authority. The court explained that although this power should be used sparingly, it was appropriate in this case. Not only was Mohammed's conduct reprehensible, it occurred over several months and increased in severity. Further, Mohammed showed no remorse in his three written responses to the show-cause order or in his remarks in court. Finally, any sanction short of dismissal would be unfitting because the defendants and their attorneys would have to continue interacting with Mohammed; the court was particularly reluctant to require the lawyers to depose Mohammed given his abusive and sometimes threatening behavior.

The district court also ordered Mohammed to pay reasonable costs and attorneys' fees that the defendants incurred in bringing his misconduct to the court's attention. The defendants submitted a memorandum documenting attorneys' fees of $3,792 and zero costs. After giving Mohammed an opportunity to respond, the court found the amount of fees reasonable and ordered that he pay it. The court also denied Mohammed's motions to vacate the dismissal, explaining that he did not address the reason for dismissal and thus set forth no basis for relief under Rule 60(b). Mohammed separately appealed the dismissal of his case, the award of attorneys' fees, and the denial of his Rule 60(b) motion, and we consolidated these three appeals for disposition.

On appeal, Mohammed primarily argues that the district court erred by dismissing his case because his statements in his emails and phone calls were protected speech under the First Amendment and could not be grounds for sanctions. He also argues that the court mischaracterized his communications with opposing counsel, insisting that it was all common litigation "banter." Finally, Mohammed argues that his case should be reinstated before a different judge because Judge Feinerman exhibited bias by referring to him as "sexist" and "creepy" in the order dismissing the case.

The district court did not err by dismissing Mohammed's case with prejudice as a sanction. Courts possess an inherent authority to sanction litigants for misconduct. *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991); *Ramirez v. T&H Lemont, Inc.*, 845 F.3d 772, 776 (7th Cir. 2016) (Pursuant to "the inherent authority to manage judicial proceedings and to regulate the conduct of those appearing before it," a court "may impose appropriate sanctions to penalize and discourage misconduct."). A district court must show restraint in exercising its inherent sanctioning power and may do so only if

it finds that a litigant "willfully abused the judicial process or otherwise conducted the litigation in bad faith." *Ramirez*, 845 F.3d at 776.

That standard was met here. In his thorough overview of Mohammed's conduct, Judge Feinerman justifiably categorized his actions and communications toward opposing counsel and the defendants as "profane," "inappropriately belligerent," "threatening," "inexplicably juvenile," "sexist and arguably homophobic," "ethnically charged," and "for lack of a better term, creepy." Mohammed asserts that this language suggests bias against him. But opinions formed by a judge about a litigant based on events occurring during pending proceedings are rarely a valid basis for a claim of bias or prejudice. *See Liteky v. United States*, 510 U.S. 540, 555 (1994) (explaining that "judicial remarks during the course of a trial that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge"). The district court also properly rejected Mohammed's nonsensical contention that his behavior was not willful; it appropriately concluded that Mohammed knew that his actions were abusive and rejected his defense that his conduct was justified by his opponents' "mistreatment." Finally, it correctly explained that Mohammed's pro se status did not insulate him from sanctions. *See Collins v. Illinois*, 554 F.3d 693, 697 (7th Cir. 2009).

Mohammed's contention that his rights under the First Amendment insulate him from litigation sanctions also fails. Speech during legal proceedings may warrant protection, but the First Amendment does not shield a party from sanctions in a civil lawsuit. *See BE & K Const. Co. v. N.L.R.B.*, 536 U.S. 516, 537 (2002); *Batagiannis v. West Lafayette Cmty. Sch. Corp.*, 454 F.3d 738, 742–43 (7th Cir. 2006) (explaining that the First Amendment does "not relieve litigants of all costs arising from litigation—such as awards of attorneys' fees and sanctions for frivolous arguments").

The district court also did not err by choosing dismissal as a sanction. Although dismissal with prejudice is a "particularly severe" sanction, a court has the discretion to find that a litigant's behavior is serious enough to justify it. *Salmeron v. Enter. Recovery Sys., Inc.*, 579 F.3d 787, 793 (7th Cir. 2009) (quoting *Montano v. City of Chicago*, 535 F.3d 558, 563 (7th Cir. 2008)). As the district court explained, this was not a situation in which a litigant slipped up and misbehaved once or even several times; rather, Mohammed's misconduct persisted—and even increased—over five months. And nothing suggested that Mohammed would change course because, despite multiple opportunities to explain his conduct or show contrition, he refused to acknowledge its severity. Finally, the court rightly concluded that it would be inappropriate to require the defendants to

continue to litigate with Mohammed when he had behaved so erratically and even implicitly threatened violence at a deposition.

Ordering Mohammed to pay the defendants' attorneys' fees and costs associated with their motion for sanctions was also proper. Mohammed does not dispute the bill for $3,792; rather, he again asserts that he should not have been sanctioned. But, as we previously explained, the district court's finding of bad faith and willful misconduct was apt, and, therefore, it did not err by assessing the attorneys' fees incurred in moving for sanctions. *See Goodyear Tire & Rubber Co. v. Haeger*, 137 S. Ct. 1178, 1186 (2017); *Fuery v. City of Chicago*, 900 F.3d 450, 468–69 (7th Cir. 2018).

Lastly, the district court properly denied Mohammed's motion to vacate under Federal Rule of Civil Procedure 60(b). Mohammed contends that Rule 60(b)(3) is satisfied because the defendants committed "fraud upon the court" by allegedly lying throughout discovery and concealing a witness. Because his conduct was merely "in response to the mistreatment," Mohammed argues, he should get another chance. This argument is meritless. A litigant has no right to retaliate against the opposing party during court proceedings. Furthermore, Mohammed's unsupported allegations of discovery misconduct are hardly evidence of "fraud" by the defendants and opposing counsel, and in no way do they excuse his egregious misconduct that led the district court to dismiss his case.

We conclude by warning Mohammed that continued frivolous filings may result in the imposition of a sanction, including loss of the privilege of filing in forma pauperis or a monetary fine, which, if unpaid, may lead to a filing bar. *See Support Systems Int'l, Inc. v. Mack*, 45 F.3d 185, 186 (7th Cir. 1995).

AFFIRMED